■■ In the Matter of KAHIRA C. and Others, Children Alleged to be Abused and/or Neglected. ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MAUREEN T., Appellant, et al., Respondent. [703 NYS2d 766] —Order unanimously affirmed without costs. Memorandum: In this proceeding brought pursuant to Family Court Act article 10, respondent, who is not a party to this appeal, was adjudicated to have abused or neglected five children in two households. Maureen T., who was not a named respondent and who is the mother of four of the children, appeals from an order of fact-finding and disposition insofar as it placed her under the supervision of petitioner and ordered her to comply with certain terms and conditions of supervision, all pursuant to Family Court Act § 1054 (a). She likewise challenges an accompanying order of protection entered against her pursuant to Family Court Act § 1056. The order of protection is incorporated in the order on appeal. She contends that the procedure by which she was placed under petitioner's supervision was fundamentally flawed, that the disposition was an abuse of Family Court's discretion, and that she was denied effective assistance of counsel.

The court had the authority to place Maureen T. under the supervision of petitioner and did not abuse its discretion in doing so. Family Court Act § 1054 (a) "permits the Court to place a parent or other person legally responsible for a child's care

under the supervision of an appropriate agency or issue an order of protection '[i]f the order of disposition releases the child to the custody' of such person. The parent or other person legally responsible to whose custody the child is released need not be the respondent" (Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1054, at 249). The order of fact-finding and disposition and the order of protection are appropriate insofar as they direct Maureen T. to prevent any further contact between respondent and the children, to fulfill her legal duty to provide proper care and supervision of the children, and to cooperate both in helping the children successfully complete treatment and in remedying the conditions that led to the abuse (*see generally*, 22 NYCRR 205.83 [b] [1], [2], [7]).

Maureen T. was not denied effective assistance of counsel (*see generally*, Family Ct Act §§ 261, 262; *Matter of Saren v Palma*, 263 AD2d 544; *Matter of Schimmel v Schimmel*, 262 AD2d 990, *lv denied* 93 NY2d 817). (Appeal from Order of Onondaga County Family Court, Hedges, J.—Abuse.) Present—Pine, J. P., Hayes, Scudder and Lawton, JJ.