■ In the Matter of JENNIFER R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GORDANA K., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of STEVEN R. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; GORDANA K., Appellant, et al., Respondent. (Proceeding No. 2.) [817 NYS2d 308]—

In two related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief and as further limited by a decision and order on motion of this Court dated February 14, 2005, from so much of an order of the Family Court, Suffolk County (Lehman, J.), entered June 12, 2003, as, after a permanency hearing, changed the permanency goal to placement for adoption and directed that the petitioner would no longer be required to use reasonable efforts to reunite the family.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Suffolk County Department of Social Services (hereinafter DSS) met its burden of establishing, by a preponderance of the evidence, that a plan to change the permanency goal to adoption was in the children's best interests (see Matter of Amanda C., 309 AD2d 744 [2003]; Matter of Glenn B., 303 AD2d 498 [2003]). Great deference is accorded to the Family Court, which saw and heard the witnesses, and its finding will not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of John Robert P. v Vito C., 23 AD3d 659 [2005]).

The Family Court found that, notwithstanding the parents' efforts, "their incapacity as parents is not what these children need." The court found that the mother had only recently begun to address the domestic violence issues which led to the removal of the subject children. The parents' progress in therapy was found to be "too little and too late to continue to consider a goal of reunification." The court found that, despite the substantial resources provided by DSS, the parents had not developed awareness and understanding of the children's needs. For these reasons, the court changed the permanency goal to adoption and relieved DSS of its obligation to use reasonable efforts to reunite the parents with the subject children.

Considering the testimony at the permanency hearing that the parents continued to deny that there was any domestic violence in the home, contrary to the court's finding of June 8, 2000, and thus had failed to address the problem that had led to the children's removal, and given that the children had been in

foster care for more than three years, the court's decision to approve a permanency goal of adoption had a sound and substantial basis in the record. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.