■ In the Matter of April C., an Infant. Onondaga County Department of Social Services, Respondent; Wendy C.-C., Appellant. (Appeal No. 1.) [818 NYS2d 721]—

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered September 6, 2005 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In appeal Nos. 1 and 3, Wendy C.-C. (respondent) appeals from separate orders of fact-finding and disposition terminating her parental rights with respect to two of her children on the ground of respondent's mental retardation and committing the children's guardianship and custody to peti-

tioner. Contrary to respondent's contention, Family Court properly granted the petition seeking termination of respondent's parental rights. Petitioner established by clear and convincing evidence that respondent is presently and for the foreseeable future unable to provide proper and adequate care for her children by reason of her mental retardation (*see* Social Services Law § 384-b [4] [c]; [6] [b]; *Matter of Michael F.*, 16 AD3d 1116 [2005]; *Matter of Daniel C.S.*, 4 AD3d 854 [2004], *lv denied* 2 NY3d 704, 706 [2004]; *Matter of Michael D.*, 306 AD2d 938 [2003]; *see generally Matter of Joyce T.*, 65 NY2d 39, 44-46 [1985]). In particular, petitioner established that respondent suffers from "subaverage intellectual functioning which originate[d] during the developmental period and is associated with impairment in adaptive behavior to such an extent that if [the children] were placed in or returned to the custody of [respondent, they] would be in danger of becoming . . . neglected" (§ 384-b [6] [b]; *see Daniel C.S.*, 4 AD3d at 855).

In appeal Nos. 2 and 4, respondent challenges two permanency hearing orders entered in conjunction with the orders in appeal Nos. 1 and 3. The permanency hearing orders direct petitioner to take steps to recruit prospective adoptive parents for the children. Inasmuch as her parental rights had been terminated, respondent lacked standing to participate in the permanency hearing conducted by the court. Petitioner thus is not aggrieved by the permanency hearing orders and lacks standing to pursue her appeals from the orders in appeal Nos. 2 and 4 (*see generally Matter of Grace R.*, 12 AD3d 764, 765 [2004]). We therefore dismiss respondent's appeals from those orders. Present—Hurlbutt, J.P., Kehoe, Gorski, Green and Pine, JJ.