■ In the Matter of Telsa Z. and Another, Children Alleged to be Abused and Neglected. Clinton County Department of Social Services, Respondent; Rickey Z., Appellant. [902 NYS2d 702]—

Spain, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered August 10, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10-A, to continue the placement of the subject children.

This Court recently affirmed a 2009 determination by Family Court that respondent had abused and neglected his two

daughters (born in 2000 and 2001) based upon evidence that he had sexually abused the older child on repeated occasions (71 AD3d 1246 [2010]). Family Court's subsequent dispositional order directed that respondent have no visitation with the children. In July 2009, a permanency hearing was held at which respondent registered no objection to continuing the no visitation dispositional order provided the court did not require him to engage in any sexual abuse programs or services, asserting that he should be allowed to decide himself whether he needs services. After the hearing, the court issued a permanency order which continued the placement of the children with petitioner, continued the no visitation order and modified the permanency plan to provide for, among other things, the filing of a petition for termination of respondent's parental rights. Respondent now appeals and we affirm.

Petitioner met its burden in establishing that it exercised reasonable efforts. Respondent, who chose not to testify at the permanency hearing, had testified at the fact-finding hearing and denied any responsibility for the abuse and neglect of the children, a position he continues to maintain. He refuses to avail himself of any services offered by petitioner and refuses to sign releases of information. Additionally, Family Court has the authority to modify an existing permanency goal (see Family Ct Act § 1089 [d] [2] [i]; *Matter of Rebecca KK.*, 55 AD3d 984, 986 [2008]) and the record before us provides a sound and substantial basis for the court's modification of the permanency goal with respect to respondent (see *Matter of Rebecca KK.*, 55 AD3d at 986; *Matter of Haylee RR.*, 47 AD3d 1093, 1095 [2008]).

We have considered respondent's remaining contentions and find them meritless.

Mercure, J.P., Peters, Rose and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.