# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1594**

**CAF 09-02209**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF SHANIA S.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;                          MEMORANDUM AND ORDER

CHANEESE T., RESPONDENT,
AND LARRY R.S., JR., RESPONDENT-APPELLANT.

---

WILLIAM D. BRODERICK, JR., ELMA, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

EUGENE P. ADAMS, ATTORNEY FOR THE CHILD, BUFFALO, FOR SHANIA S.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered October 19, 2009 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject child in the custody of petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to Family Court Act article 10 against respondent mother and respondent "putative" father (father), and the father now appeals from an order adjudicating the newborn child at issue in this appeal to be a neglected child. Contrary to the father's contention, the finding of neglect is supported by a preponderance of the evidence (*see* § 1046 [b] [i]). The evidence presented at the fact-finding hearing demonstrated that the father was virtually homeless and that, at the time of the hearing on the petition, he had neither the resources nor the ability to care for the child. A neglected child includes one "whose physical, mental or emotional condition . . . is in imminent danger of becoming impaired as a result of the failure of [her] parent or other person legally responsible for [her] care to exercise a minimum degree of care" in, inter alia, providing adequate food, clothing and shelter (§ 1012 [f] [i]). " 'Actual injury or impairment need not be found, as long as a preponderance of the evidence establishes that the child is in imminent danger of either injury or impairment' " (*Matter of Elijah NN.*, 66 AD3d 1157, 1159, *lv denied* 13 NY3d 715). The father contends for the first time on appeal that the petition must be dismissed against him because he is not a "parent or other person legally responsible for [the] child's care" (§ 1012 [a]; *see* § 1012 [g]), and that contention therefore is not properly before

us.  We note in any event that the contention of the father is wholly inconsistent with his testimony at the hearing on the petition that the child is in fact his daughter.

Entered:  February 10, 2011                Patricia L. Morgan
                                           Clerk of the Court