# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**666**

**CAF 10-01554**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF SEAN S., JOSEPH S. AND
KALEY S.

---------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT.
---------------------------------------
CHARLES D. HALVORSEN, ATTORNEY FOR THE
CHILDREN, APPELLANT.

MEMORANDUM AND ORDER

---

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), APPELLANT
PRO SE.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered May 20, 2010 in a proceeding pursuant to Family Court Act article 10-A. The order, among other things, adjudged that the permanency goal for the subject children is adoption.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating those parts of the order modifying the permanency goal for Sean S. and Joseph S. to placement for adoption and approving the permanency goal of placement in another planned permanent living arrangement and as modified the order is affirmed without costs.

Memorandum: On appeal from an order in this proceeding pursuant to Family Court Act article 10-A, the Attorney for the Children contends that Family Court erred in determining that the permanency goal of placement for adoption for the three subject children, two brothers and their sister, is in their best interests. We agree with the Attorney for the Children that the court's determination with respect to the two brothers lacks a sound and substantial basis in the record (*see generally Matter of Telsa Z.*, 74 AD3d 1434; *Matter of Jennifer R.*, 29 AD3d 1003, 1004-1005). We therefore modify the order by vacating those parts modifying the permanency goal for the two brothers to placement for adoption and approving the permanency goal of placement in another planned permanent living arrangement (APPLA).

Petitioner met its burden of establishing by a preponderance of the evidence that its determination to change the permanency goals of the brothers from adoption to APPLA was in the children's best

interests (*see generally Matter of Michael D.*, 71 AD3d 1017; *Matter of Cristella B.*, 65 AD3d 1037, 1039).  At the time of the permanency hearing, the brothers were 16 years old and 15 years old, respectively.  Petitioner submitted uncontroverted evidence that both brothers had adamantly opposed adoption for many years, despite the substantial efforts of counselors, caseworkers, their foster parent and an adult sibling to encourage them to consider adoption.  Indeed, the brothers executed adoption waivers after consultation with the Attorney for the Children.  Petitioner's caseworker for the children testified that the brothers are very loyal to their birth family, enjoy a significant connection with their biological siblings and had recently been reintroduced to their birth mother.  In addition, a psychological evaluation report recommended that petitioner honor the brothers' wishes not to be adopted.

Further, the record establishes that the brothers have a "significant connection to an adult willing to be a permanency resource for [them]," as required for an APPLA placement (Family Ct Act § 1089 [d] [2] [i] [E]).  The brothers' foster parent signed permanency pacts with each of them, in which he "agree[d] to be a permanent resource for the boys for as long as they need him." Indeed, the foster parent has assisted the brothers with independent living skills by, inter alia, assigning household chores and helping them open savings accounts.

In determining that a permanency goal of placement for adoption was in the best interests of the brothers, the court adopted the report and recommendation of the Referee, which appears to be based largely on the length of the hearing and the absence of the foster parents and the children from the hearing.  With respect to the brothers, the Referee determined that she "was unable to assess whether the children or foster parent had changed their positions because they were not present."  We conclude that, under the circumstances of this case, the absence of the children from the hearing was not a rational basis for rejecting the permanency goal of APPLA where the Referee had sufficient information to determine the best interests of the children (*see generally Veronica S. v Philip R.S.*, 70 AD3d 1459, 1460; *Matter of Tonjaleah H.*, 63 AD3d 1611; *Matter of Alyshia M.R.*, 53 AD3d 1060, 1061-1062, *lv denied* 11 NY3d 707). Indeed, the brothers were represented at the hearing by their longtime Attorney for the Children, the evidence is undisputed that they opposed adoption and both brothers were nearing the age of majority.

With respect to the sister, however, the record establishes that neither petitioner nor the Attorney for the Children requested a change in the permanency goal at any time during the proceedings in question.  The sister's permanency hearing report lists both her current permanency planning goal and anticipated permanency planning goal as "[p]lacement for [a]doption," and petitioner's caseworker confirmed at the hearing that the sister's goal had not changed. Thus, the contention of the Attorney for the Children that the sister's permanency goal should be changed to APPLA is not properly before us inasmuch as it is raised for the first time on appeal (*see*

*generally Matter of Shania S.*, 81 AD3d 1380).

Entered:  June 10, 2011                  Patricia L. Morgan
                                         Clerk of the Court