# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**952**

**CAF 11-00371**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF JOSE T.

------------------------------------------

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT.

------------------------------------------

CHARLES D. HALVORSEN, ATTORNEY FOR THE
CHILD, APPELLANT.

---

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), APPELLANT
PRO SE.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Patricia A. Maxwell, J.), entered January 6, 2011 in a proceeding pursuant to Family Court Act article 10-A. The order, among other things, ordered that the permanency goal for the subject child is placement for adoption.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part approving the permanency goal of placement for adoption and modifying the permanency goal to placement in an alternative planned permanent living arrangement with the child's foster parents, and as modified the order is affirmed without costs.

Memorandum: On appeal from an order in this proceeding pursuant to Family Court Act article 10-A, the Attorney for the Child contends that Family Court erred in determining that continuing the permanency goal of placement for adoption for the child is in his best interests. We agree with the Attorney for the Child that the court's determination lacks a sound and substantial basis in the record (*see Matter of Sean S.*, 85 AD3d 1575; *see generally Matter of Telsa Z.*, 74 AD3d 1434; *Matter of Jennifer R.*, 29 AD3d 1003, 1004-1005). We therefore modify the order by vacating that part approving the permanency goal of placement for adoption and modifying the permanency goal to placement in an alternative planned permanent living arrangement (APPLA) with the child's foster parents.

Petitioner met its burden of establishing by a preponderance of the evidence that its recommendation to modify the permanency goal from placement for adoption to APPLA was in the child's best interests (*see generally Sean S.*, 85 AD3d at 1576; *Matter of Michael D.*, 71 AD3d

1017; *Matter of Cristella B.*, 65 AD3d 1037, 1039). At the time of the permanency hearing, the child was 14 years old. Petitioner submitted uncontroverted evidence that, despite its diligent efforts to counsel the child regarding adoption and to find local adoptive resources for him, the child refused to consent to adoption and wished to remain in his foster placement (*see generally* Domestic Relations Law § 111 [1] [a]). In addition, petitioner submitted evidence indicating that the child's placement with his foster parents allowed the child to have continued contact with his older brother, with whom he is very close, and to reside in a home in which he was safe and happy. Also, the child would have access to family and friends who lived in the same area as his foster parents. Petitioner established that continuing the permanency goal of placement for adoption may result in removing the child from the positive environment of his foster placement and significantly diminishing his contact with family and friends, in contradiction of the child's express wishes. Thus, petitioner established the requisite "compelling reason for determining that it would not be in the best interests of the child to . . . be . . . placed for adoption" (Family Ct Act § 1089 [d] [2] [i] [E]).

Further, the record establishes that the child has a "significant connection to an adult willing to be a permanency resource for [him]," which is required for an APPLA placement (*id.*). Although the child's foster parents have not yet signed a permanency pact, they have unequivocally stated their willingness to serve as an ongoing resource for the child. The child's foster parents consider him part of their family, and petitioner's caseworker characterized the relationship between the child and his foster parents as "a significant connection." Thus, the record establishes that the child has strong ties to adults who have agreed " 'to be a permanent resource for [him] for as long as [he] need[s them]' " (*Sean S.*, 85 AD3d at 1576).

Entered: September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court