# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1044**

**CAF 11-00372**

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF LAVALLE W. AND LAVAR W.
----------------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,      MEMORANDUM AND ORDER
PETITIONER-RESPONDENT.
----------------------------------------------------
CHARLES D. HALVORSEN, ATTORNEY FOR THE CHILDREN,
APPELLANT.

---

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), APPELLANT
PRO SE.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered January 6, 2011 in a proceeding pursuant to
Family Court Act article 10-A. The order adjudged that the permanency
goal for the subject children is placement for adoption.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating that part approving the
permanency goal for Lavar W. of placement for adoption and modifying
his permanency goal to placement in another planned permanent living
arrangement and as modified the order is affirmed without costs.

Memorandum: On appeal from an order in this proceeding pursuant
to Family Court Act article 10-A, the Attorney for the Children
contends that Family Court erred in determining that continuation of
the permanency goal of placement for adoption for the two subject
children is in their best interests. We agree with the Attorney for
the Children that the court's determination with respect to Lavar W.
lacks a sound and substantial basis in the record (*see Matter of Sean
S.*, 85 AD3d 1575; *see generally Matter of Telsa Z.*, 74 AD3d 1434;
*Matter of Jennifer R.*, 29 AD3d 1003, 1004-1005). We therefore modify
the order by vacating that part approving the permanency goal for
Lavar of placement for adoption and modifying his permanency goal to
placement in another planned permanent living arrangement (APPLA).

Although the permanency hearing report for Lavar submitted by
petitioner prior to the permanency hearing identified his permanency
goal as placement for adoption, the evidence presented at the hearing
by petitioner and the Attorney for the Children supports a
modification of Lavar's permanency goal to APPLA (*see generally Matter
of Sean S.*, 85 AD3d at 1575-1576). The Attorney for the Children

specifically requested such a modification at the hearing, and petitioner supports that modification on appeal.  Lavar, who was 16 years old at the time of the hearing, testified that he did not want to be adopted, that he had been pressured into considering adoption in the past and that he would not consent to adoption in the event that petitioner found an adoptive home for him.  Petitioner's caseworker confirmed that Lavar was not interested in adoption.  Further, the record establishes that Lavar has "a significant connection to an adult willing to be a permanency resource for [him]," which is required for an APPLA placement (Family Ct Act § 1089 [d] [2] [i] [E]).  At the time of the hearing, Lavar had resided with his foster parent for over a year, and the foster parent testified that he was willing to be a permanency resource for Lavar in the event that he did not wish to be adopted.  Lavar testified that he enjoyed his living situation with his foster parent and that individual's 17-year-old son.

The further contention of the Attorney for the Children that Lavalle W.'s permanency goal should be modified to APPLA is not properly before us inasmuch as it is raised for the first time on appeal (see generally Matter of Shania S., 81 AD3d 1380).  The record establishes that neither petitioner nor the Attorney for the Children requested a modification of Lavalle's permanency goal at any time during the proceedings herein.  Lavalle's permanency hearing report lists both the current permanency planning goal and anticipated permanency planning goal as placement for adoption, and petitioner confirmed at the hearing that Lavalle's goal had not changed.  Although the Attorney for the Children requested that Lavar's goal be modified to APPLA in light of the testimony of that child, the record contains no such request on behalf of Lavalle.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court