■ In the Matter of LATANYA H., an Infant. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. CHARLES D. HALVORSEN, Attorney for the Child, Appellant. [934 NYS2d 276]—

Memorandum: In this proceeding pursuant to Family Court Act article 10-A, the Attorney for the Child appeals from an or-

der determining that continuing the permanency goal of placement for adoption is in the child's best interests. We note at the outset that the appeal is moot "inasmuch as [a] superseding permanency order[ ] [has] since been entered" (*Matter of Alexander M. [Michael M.]*, 83 AD3d 1400, 1401 [2011], *lv denied* 17 NY3d 704 [2011]). We conclude, however, that the exception to the mootness doctrine applies herein because the issue is likely to recur, typically evades review and raises a significant question not previously determined (*see Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). We agree with the Attorney for the Child that the determination of Family Court, which adopted the recommendation of the Referee, lacks a sound and substantial basis in the record (*see Matter of Jose T. [Halvorsen]*, 87 AD3d 1335 [2011]; *Matter of Sean S. [Halvorsen]*, 85 AD3d 1575 [2011]). We therefore modify the order by vacating that part approving the permanency goal of placement for adoption and modifying the permanency goal to placement in an alternative planned permanent living arrangement (APPLA).

Petitioner met its burden of establishing by a preponderance of the evidence that modifying the permanency goal from placement for adoption to APPLA was in the child's best interests (*see Jose T.*, 87 AD3d 1335; *Sean S.*, 85 AD3d at 1576). The child was 16 years old at the time of the permanency hearing. Petitioner submitted uncontroverted evidence that the child wished to remain in her current foster placement and would not consent to adoption, despite petitioner's diligent efforts to counsel her regarding adoption and to find adoptive resources for her (*see generally* Domestic Relations Law § 111 [1] [a]). Further, petitioner submitted evidence indicating that the child had previously been adopted by another foster parent who later surrendered her parental rights with respect to the child. The evidence at the permanency hearing establishes that the child suffers ongoing emotional distress from that failed adoption and that, although she was beginning to address those issues through counseling, the child becomes further mentally traumatized by the thought of being forced into another adoption. Consequently, petitioner established the requisite "compelling reason for determining that it would not be in the best interests of the child to . . . be . . . placed for adoption" (Family Ct Act § 1089 [d] [2] [i] [E]).

In addition, the record establishes that the child has "a significant connection to an adult willing to be a permanency resource for [her]," as required for an APPLA placement (*id.*), inasmuch as the child's foster parent agreed to be a resource for

her until she reaches 21 years of age. Furthermore, in determining that a permanency goal of placement for adoption was in the best interests of the child, the Referee relied on, inter alia, petitioner's failure to call the caseworker and indirect service coordinator who had worked with the child as witnesses at the permanency hearing. "We conclude that, under the circumstances of this case, the absence of [those witnesses] from the hearing was not a rational basis for rejecting the permanency goal of APPLA where the Referee had sufficient information to determine the best interests of the child[ ]" (*Sean S.*, 85 AD3d at 1576). Present—Scudder, P.J., Smith, Sconiers, Gorski and Martoche, JJ.