# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1181**
**CAF 11-00435**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF LATANYA H.
------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,          MEMORANDUM AND ORDER
PETITIONER-RESPONDENT.
------------------------------------------
CHARLES D. HALVORSEN, ATTORNEY FOR THE
CHILD, APPELLANT.

---

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), APPELLANT
PRO SE.

---

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered January 26, 2011 in a proceeding pursuant to
Family Court Act article 10-A. The order, among other things, ordered
that the permanency goal for the subject child is placement for
adoption.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating that part approving the
permanency goal of placement for adoption and modifying the permanency
goal to placement in an alternative planned permanent living
arrangement, and as modified the order is affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act
article 10-A, the Attorney for the Child appeals from an order
determining that continuing the permanency goal of placement for
adoption is in the child's best interests. We note at the outset that
the appeal is moot "inasmuch as [a] superseding permanency order[
has] since been entered" (*Matter of Alexander M.*, 83 AD3d 1400, 1401,
*lv denied* 17 NY3d 704). We conclude, however, that the exception to
the mootness doctrine applies herein because the issue is likely to
recur, typically evades review and raises a significant question not
previously determined (*see Matter of Hearst Corp. v Clyne*, 50 NY2d
707, 714-715). We agree with the Attorney for the Child that the
determination of Family Court, which adopted the recommendation of the
Referee, lacks a sound and substantial basis in the record (*see Matter
of Jose T.*, 87 AD3d 1335; *Matter of Sean S.*, 85 AD3d 1575). We
therefore modify the order by vacating that part approving the
permanency goal of placement for adoption and modifying the permanency
goal to placement in an alternative planned permanent living
arrangement (APPLA).

Petitioner met its burden of establishing by a preponderance of

the evidence that modifying the permanency goal from placement for adoption to APPLA was in the child's best interests (*see Jose T.*, 87 AD3d 1335; *Sean S.*, 85 AD3d at 1576).  The child was 16 years old at the time of the permanency hearing.  Petitioner submitted uncontroverted evidence that the child wished to remain in her current foster placement and would not consent to adoption, despite petitioner's diligent efforts to counsel her regarding adoption and to find adoptive resources for her (*see generally* Domestic Relations Law § 111 [1] [a]).  Further, petitioner submitted evidence indicating that the child had previously been adopted by another foster parent who later surrendered her parental rights with respect to the child.  The evidence at the permanency hearing establishes that the child suffers ongoing emotional distress from that failed adoption and that, although she was beginning to address those issues through counseling, the child becomes further mentally traumatized by the thought of being forced into another adoption.  Consequently, petitioner established the requisite "compelling reason for determining that it would not be in the best interests of the child to . . . be . . . placed for adoption" (Family Ct Act § 1089 [d] [2] [i] [E]).

In addition, the record establishes that the child has "a significant connection to an adult willing to be a permanency resource for [her]," as required for an APPLA placement (*id.*), inasmuch as the child's foster parent agreed to be a resource for her until she reaches 21 years of age.  Furthermore, in determining that a permanency goal of placement for adoption was in the best interests of the child, the Referee relied on, inter alia, petitioner's failure to call the caseworker and indirect service coordinator who had worked with the child as witnesses at the permanency hearing.  "We conclude that, under the circumstances of this case, the absence of [those witnesses] from the hearing was not a rational basis for rejecting the permanency goal of APPLA where the Referee had sufficient information to determine the best interests of the child[]" (*Sean S.*, 85 AD3d at 1576).

Entered:  November 18, 2011                          Patricia L. Morgan
                                                     Clerk of the Court