# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

367

CAF 10-02163

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

IN THE MATTER OF CLEOPHUS B.
-------------------------------------------------
ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                    MEMORANDUM AND ORDER

ERIKA B., RESPONDENT.
-------------------------------------------------
TORRENCE B., APPELLANT.

PETER J. DIGIORGIO, JR., UTICA, FOR APPELLANT.

DENISE J. MORGAN, UTICA, FOR PETITIONER-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA, FOR CLEOPHUS B.

---------------------------------------------------------------------------------

    Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered September 30, 2010 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that it is in the best interests of the subject child to remain in the custody of petitioner.

    It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

    Memorandum: Appellant father appeals from an order that continued placement of the child in the custody of petitioner. We note at the outset that this appeal is moot in light of the subsequent permanency orders continuing placement of the child in the custody of petitioner (*see Matter of Dustin B.*, 71 AD3d 1426, 1427). We conclude, however, that the exception to the mootness doctrine applies herein (*see Matter of Latanya H.*, 89 AD3d 1528, 1529; *see generally Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715).

    Family Court adjudicated the child to be neglected by respondent mother, but we affirmed an order dismissing the petition insofar as it alleged that the father derivatively neglected the child (*Matter of Cleophus M.B.*, 90 AD3d 1512). The father moved for summary judgment seeking to vacate the order of placement of the child in petitioner's custody and to award him immediate custody. The court denied the motion, determining that the father failed to allege any facts demonstrating his present ability to care for the child, and the court then conducted a hearing. Both the Attorney for the Child and petitioner raised the issue of extraordinary circumstances at the hearing. After the hearing, the court determined that extraordinary

circumstances did not exist to continue placement of the child in petitioner's custody and released the child to the father's custody. The court, however, placed the father under the supervision of petitioner and ordered the father to comply with, inter alia, random drug and alcohol testing. It is undisputed that the father failed to comply with the drug testing, whereupon the court entered the order that is currently before us on appeal.

Initially, we reject the father's contention that the court erred in denying his motion for summary judgment. The court denied the motion and held the hearing so that the father could "make a basic showing of an ability to provide for the child's needs." Considering that the child had been in foster care for nine months prior to the motion, we conclude that it was proper for the court to hold a hearing to determine if the father was entitled to custody of the child (see Matter of Alex LL. v Albany County Dept. of Social Servs., 270 AD2d 523, 527).

The father contends that, because the court dismissed the neglect petition against him, the court was without jurisdiction to impose conditions on his behavior through an order of supervision and to make compliance with those conditions a prerequisite to returning the child to his care and custody. We reject that contention. Upon determining that the mother had neglected the child, the court issued an order of disposition pursuant to Family Court Act § 1054 (a). That statute provides in relevant part that, "[i]f the order of disposition releases the child to the custody of his or her parent or other person legally responsible for his or her care at the time of the filing of the petition, the court may place the person to whose custody the child is released under supervision of a child protective agency or of a social services official or duly authorized agency . . . ." Contrary to the father's contention, the fact that there was no finding of neglect against him is of no moment inasmuch as " '[t]he parent or other person legally responsible to whose custody the child is released need not be the respondent' " (Matter of Kahira C., 269 AD2d 840, 841, lv denied 95 NY2d 751; see also Matter of Christina I., 226 AD2d 789, lv denied 88 NY2d 808).

Entered:  March 16, 2012                    Frances E. Cafarell
                                            Clerk of the Court