# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1104**
**CAF 11-01187**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF GENA S.
------------------------------------------------
GENESEE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                            MEMORANDUM AND ORDER

KAREN M., RESPONDENT-APPELLANT.
------------------------------------------------
JACQUELINE M. GRASSO, ESQ., ATTORNEY FOR THE
CHILD, APPELLANT.
(APPEAL NO. 1.)

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JACQUELINE M. GRASSO, ATTORNEY FOR THE CHILD, BATAVIA, APPELLANT PRO
SE.

CHARLES N. ZAMBITO, COUNTY ATTORNEY, BATAVIA (PAULA A. CAMPBELL OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

    Appeals from an order of the Family Court, Genesee County (Eric
R. Adams, J.), entered May 19, 2011 in a proceeding pursuant to Social
Services Law § 384-b.  The order, among other things, transferred the
guardianship and custody of Gena S. to petitioner.

    It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs and the matter is
remitted to Family Court, Genesee County, for further proceedings in
accordance with the following Memorandum:  Respondent mother is the
mother of Gena S., Misty S. and Shaundra D. (children).  In appeal
Nos. 1 through 3, the mother appeals from respective orders of
disposition that, inter alia, terminated her parental rights with
respect to each child on the ground of permanent neglect and freed
each child for adoption (dispositional orders).  In appeal Nos. 4
through 6, the mother appeals from respective orders determining that
the continuation of the permanency goal of placement for adoption is
in the best interests of each child (permanency orders).  Gena S.
appeals from the orders relating to her in appeal Nos. 1 and 4.

    We address the mother's appeals first and note at the outset that
her appeals from the permanency orders (appeal Nos. 4 through 6) must
be dismissed.  "Inasmuch as her parental rights had been terminated,
[the mother] lacked standing to participate in the permanency hearing
conducted by [Family Court].  [The mother] thus is not aggrieved by
the permanency hearing orders and lacks standing to pursue her appeals

from the orders in [appeal Nos. 4 through 6]" (*Matter of April C.*, 31 AD3d 1200, 1201).

In her appeals from the dispositional orders (appeal Nos. 1 through 3), the mother contends that the court erred in refusing to approve her plan for the children to live with a friend of hers while the mother was incarcerated. That contention lacks merit inasmuch as the record establishes that petitioner, not the court, determined that the mother's friend was not a viable resource for the children. We further reject the mother's contention that the court improperly determined that she failed to plan for the future of the children, although she was able to do so (*see generally* Social Services Law § 384-b [7] [a]; *Matter of Star Leslie W.*, 63 NY2d 136, 142; *Matter of John B. [Julie W.]*, 93 AD3d 1221, 1222, *lv denied* 19 NY3d 806; *Matter of Giovanni K.*, 62 AD3d 1242, 1243, *lv denied* 12 NY3d 715; *cf. Matter of Rachael N. [Christine N.]*, 70 AD3d 1374, 1374, *lv denied* 15 NY3d 708). Here, the record establishes that the mother's only viable plan for the children was that they remain in foster care until she is released from incarceration. The failure of an incarcerated parent to provide any "realistic and feasible" alternative to having the children remain in foster care until the parent's release from prison, however, supports a finding of permanent neglect (*Matter of Jamel Raheem B. [Vernice B.]*, 89 AD3d 933, 935, *lv denied* 18 NY3d 808; *see* § 384-b [7] [c]; *Matter of "Female" V.*, 21 AD3d 1118, 1119, *lv denied* 6 NY3d 708, 6 NY3d 709; *see also Matter of Gregory B.*, 74 NY2d 77, 90, *rearg denied* 74 NY2d 880). Contrary to the mother's suggestion, this is not a case in which her prolonged separation from the children was "due to litigation initiated or necessitated by [petitioner's] actions" (*Matter of Sanjivini K.*, 47 NY2d 374, 381).

We next address the appeals of Gena S. With regard to her appeal from the dispositional order, Gena contends that the court should not have terminated the mother's parental rights with respect to her. As stated by the attorney for the child representing Gena (AFC), throughout the course of this matter, "Gena's wishes could not [have been] any clearer; she consistently stated that she wants to be reunited with the mother." Gena, who was born in 1997, was approximately one month shy of her 14th birthday when the dispositional order at issue was entered on May 19, 2011, and her consent to adoption would have been required had she been 14 years old at that time (*see* Domestic Relations Law § 111 [1] [a]). Gena is now over 15 years old and, according to the AFC, she still refuses to consent to adoption. The AFC contends that Gena "has no real bond with anyone" except for the mother and Gena's sisters, and that it is highly unlikely that Gena will ever be adopted.

We may consider those new facts and allegations "to the extent [that] they indicate that the record before us is no longer sufficient" to determine whether termination of respondent's parental rights is in Gena's best interests (*Matter of Michael B.*, 80 NY2d 299, 318; *see Matter of Nichols v Nichols-Johnson*, 78 AD3d 1679, 1680; *see generally Matter of Samuel Fabien G.*, 52 AD3d 713, 714). Inasmuch as it is not clear on the record before us that termination of the

mother's parental rights with respect to Gena is in Gena's best interests, we remit the matter to Family Court for a new dispositional hearing to determine the best interests of that child. We note that the conflict between the result with respect to Gena and the results with respect to her sisters is of no moment inasmuch as termination has been upheld with respect to younger siblings in similar circumstances (*see Matter of Marc David D*., 20 AD3d 565, 567; *Matter of Dominique A.W.*, 17 AD3d 1038, 1039, *lv denied* 5 NY3d 706).

With regard to Gena's appeal from the permanency order, we note that we have held that a permanency goal of placement for adoption is not always in the best interests of a child over the age of 14 (*see Matter of Lavalle W. [Halvorsen]*, 88 AD3d 1300, 1300-1301; *Matter of Sean S. [Halvorsen]*, 85 AD3d 1575, 1576). In view of that precedent, and the uncertainty as to what an appropriate alternative permanency goal may now be for Gena, we remit the matter to Family Court for the determination of a new permanency goal appropriate for her.

In light of our determination, we need not address Gena's contention concerning the court's refusal to grant posttermination contact between her and the mother.

Entered:  December 21, 2012                    Frances E. Cafarell
                                              Clerk of the Court