# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

303

CAF 12-00562

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ANNA B. AND WILLIAM B.
-------------------------------------------
KEITH C., PETITIONER-APPELLANT;

                                      MEMORANDUM AND ORDER

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
RESPONDENT-RESPONDENT.

---

COLUCCI & GALLAHER, P.C., BUFFALO (REGINA A. DEL VECCHIO OF COUNSEL),
FOR PETITIONER-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT-RESPONDENT.

PAMELA THIBODEAU, ATTORNEY FOR THE CHILDREN, WILLIAMSVILLE, FOR ANNA
B. AND WILLIAM B.

---

Appeal from an order of the Family Court, Erie County (Lisa Bloch Rodwin, J.), entered February 28, 2012. The order dismissed the petition.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated and the matter is remitted to Family Court, Erie County, for further proceedings on the petition.

Memorandum: Petitioner father commenced this proceeding seeking modification or vacatur of a stay-away order of protection against him. We note as background that, pursuant to article 6 of the Family Court Act and upon the father's default, Family Court (Rosa, J.) terminated the father's parental rights with respect to Anna B. and William B. (children) and also issued an order of protection, which is the subject of this appeal (termination proceeding). The order of protection states that it was issued pursuant to articles 3, 7 and 10 of the Family Court Act, and an "order on review" issued in conjunction therewith provided that the order of protection was issued under article 6. Pursuant to the order of protection, the father was required to stay away from the children until the youngest child reaches the age of 18. Nearly 10 years later, the father filed the instant petition for modification or vacatur of the order of protection, claiming "changed circumstances." Respondent, Erie County Department of Social Services (DSS), moved to dismiss the petition on the ground that the father lacked standing to bring the petition because, inter alia, his parental rights had been terminated. Family Court (Rodwin, J.) granted the motion and dismissed the petition without prejudice. The court reasoned that the father lacked standing

because the presumption of regularity applied to the termination proceeding, including the order of protection, and the father failed to meet his burden of establishing that he was not served with notice of the petition seeking the order of protection or the order of protection itself.  The father appeals and, under the circumstances of this case, we reverse.

We agree with the father that, on these facts, he has standing to challenge the validity of the order of protection.  Contrary to the contention of DSS, we conclude that the termination of the father's parental rights does not bar the father from challenging the order of protection.  Although the termination of the father's parental rights would preclude him from thereafter seeking access to or rights with respect to the children (*see e.g. Matter of Gena S. [Karen M.]*, 101 AD3d 1593, 1595; *Matter of April C.*, 31 AD3d 1200, 1201), the father does not seek that relief.  Instead, as noted, the father seeks modification or vacatur of the order of protection.  Pursuant to Family Court Act § 656, the court may issue an order of protection in conjunction with any other order issued pursuant to article 6, i.e., an order terminating parental rights.  We conclude that the order terminating the father's parental rights is separate and distinct from the order of protection entered in conjunction with that termination order.  Thus, the father has standing to challenge the validity of that separate order of protection.

We also agree with the father that the court improperly dismissed the petition.  During the proceedings at issue, the father contended that he never had notice of either the DSS petition seeking, inter alia, an order of protection or the order of protection itself.  As noted, in dismissing the petition, the court reasoned that the presumption of regularity applied to the proceedings giving rise to the order of protection.  The presumption of regularity assumes that statutory requirements, including those regarding service, were followed (*see People v Dominique*, 90 NY2d 880, 881).  Here, however, inasmuch as it seeks dismissal of the petition, DSS has the burden to establish that it properly served the father so as to obtain jurisdiction over him with respect to the order of protection (*cf. generally Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589).  "Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (*id.; see generally* Family Ct Act §§ 153-b, 154).  DSS, however, failed to meet that burden inasmuch as it failed to submit such an affidavit, and the record is devoid of evidence that the father was served with either the DSS petition giving rise to the order of protection or the order of protection itself.  Consequently, we conclude that the court erred in granting the motion to dismiss, and we reinstate the petition.

In view of our determination, we do not address the father's remaining contentions.

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court