# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**276**

**CAF 12-01926**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF DASHAUN G. AND DESHAUN G.
-----------------------------------------
MONROE COUNTY DEPARTMENT OF HUMAN SERVICES,
PETITIONER-RESPONDENT;

                                           MEMORANDUM AND ORDER

DIANA B., RESPONDENT.
-----------------------------------------
JONATHAN G., INTERVENOR-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF
COUNSEL), FOR INTERVENOR-APPELLANT.

MERIDETH SMITH, COUNTY ATTORNEY, ROCHESTER (CAROL L. EISENMAN OF
COUNSEL), FOR PETITIONER-RESPONDENT.

TANYA J. CONLEY, ATTORNEY FOR THE CHILDREN, ROCHESTER.

---

Appeal from an order of the Family Court, Monroe County (Patricia
E. Gallaher, J.), entered September 12, 2012 in a proceeding pursuant
to Family Court Act article 10.  The order, among other things, placed
Dashaun G. in the custody of petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Intervenor father appeals from an order that placed
the older child (hereafter, child) with petitioner following a period
of trial placement with the father.  We note at the outset that this
appeal is moot because a subsequent permanency order continuing
placement of the child in the custody of petitioner has been issued
(*see Matter of Cleophus B. [Torrence B.]*, 93 AD3d 1241, 1242, *lv
denied* 19 NY3d 807).  We conclude, however, that the exception to the
mootness doctrine applies (*see id.*).

Shortly after his birth, the child was placed with petitioner
pursuant to a neglect proceeding against only respondent mother.
Family Court adjudicated the child to be neglected by the mother and
subsequently issued an order placing the child with the father under
petitioner's supervision (*see* Family Ct Act § 1054 [a]).  When the
placement with the father deteriorated due to, among other things, the
father's refusal to afford petitioner access to the child's home and
misinformation given by the father concerning caregivers for the child
when the father was at work, petitioner and the father reached an
agreement on the record at a permanency hearing to impose additional

conditions with which he agreed and was required to comply.  The record specifically reflects that the father agreed, inter alia, to provide proof of income sufficient to prove that he has the means to care for the child; to obtain his own residence; to prohibit the child from being left in the care of a certain woman with a criminal history; to place the child in daycare when he worked; to allow petitioner access to his home; and to terminate any relationship with a person involved in the "prostitution industry."  The court adjourned the permanency hearing for two weeks to monitor the father's compliance with those additional conditions.  Before those conditions were reduced to a written order, petitioner alleged in an order to show cause that the father violated them and that the child was in imminent risk in his care.  Pending a hearing on the order to show cause, the court issued an order returning the child to placement with petitioner.  Following a hearing, the court issued the permanency order on appeal, finding that the child would be in imminent risk of harm if returned to the father and that the father violated the above conditions, and continuing the child's placement with petitioner.

At the outset, we note that, although no written order was issued setting forth the additional conditions, the transcript of the proceeding reflects that the father was present with counsel and stipulated to the imposition of those additional conditions in open court, and those conditions therefore are binding upon him regardless of whether they were reduced to a written order (*see generally Matter of Lagano v Soule*, 86 AD3d 665, 667; *Matter of W. Children*, 226 AD2d 385, 386-387, *lv denied* 88 NY2d 811).

The father contends that the court abridged his fundamental parental rights and violated his right to equal protection by removing the child from placement with him without requiring petitioner to commence a neglect proceeding pursuant to Family Court Act article 10. We reject that contention.  By its order to show cause, petitioner sought modification of the placement based upon the father's violation of the additional conditions to which he was bound.  The father was subject to the supervision of petitioner and, when he violated the supervision order as modified by the additional conditions, petitioner was entitled to seek removal of the child by way of revocation of the order of supervision (*see* §§ 1054, 1072, 1089 [d] [2] [viii] [C]).  We conclude that petitioner established by a preponderance of the evidence that the father violated those additional conditions to which he stipulated to be bound and that his violation was willful (*see Matter of Aimee J.*, 34 AD3d 1350, 1350-1351; *Matter of Linda FF.*, 301 AD2d 887, 888-890; *cf. Matter of Brittany T.*, 48 AD3d 995, 997). Although the court erred in stating that it was proceeding pursuant to Family Court Act §§ 1061 and 1089 and not Family Court Act § 1072, in the absence of any showing of prejudice, we consider that technical defect to be harmless error (*see* CPLR 2001; *Matter of Rachel G.*, 185 AD2d 382, 383-384).  The father's similar contentions with regard to another child are unpreserved for our review (*see generally Matter of Longo v Wright*, 19 AD3d 1078, 1079) and, in any event, are likewise without merit.