Matter of Shawn S. (2018 NY Slip Op 04208)





Matter of Shawn S.


2018 NY Slip Op 04208


Decided on June 8, 2018


Appellate Division, Fourth Department


Troutman, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


694 CAF 17-01612

[*1]IN THE MATTER OF SHAWN S. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT. COURTNEY S. RADICK, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
NELSON LAW FIRM, MEXICO (ALLISON J. NELSON OF COUNSEL), FOR PETITIONER-RESPONDENT.
SHIRIM NOTHENBERG, NEW YORK CITY, FOR LAWYERS FOR CHILDREN, INC., AMICUS CURIAE. 


Troutman, J.
 Appeal from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered July 11, 2017 in a proceeding pursuant to Family Court Act article 10. The order, insofar as appealed from, directed the subject child to be present for any permanency hearing. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and those paragraphs ordering the child to be present at the permanency hearing are vacated.
Opinion by Troutman, J.:
The issue before us is whether Family Court has the authority to compel a child to participate in a permanency hearing when that child has waived his or her right to participate following consultation with his or her attorney (see Family Ct Act § 1090-a [a] [2]). We hold that the court does not have such authority. We therefore conclude that the court erred in ordering the subject child to be present at the permanency hearing.
The child was freed for adoption in 2014. A permanency hearing was scheduled for March 30, 2017, and notice of the hearing was provided to the child, who was then 14 years old. One week before the scheduled hearing date, the Attorney for the Child (AFC) filed a form indicating that the child, after consultation with the AFC, waived his right to participate in the hearing. The AFC appeared at the hearing on the child's behalf and reiterated that the child had waived his right to participate in the hearing. The court stated, however, that it was "required by law to have some communication" with the child, and that the child would therefore be required to appear at the next scheduled hearing date. The AFC objected to the child's compelled participation. The court overruled the objection, scheduled the hearing to continue on April 12, 2017, and, in the order that was ultimately entered, directed the child to "be present, either in person or electronically," on that date. After two adjournments, the permanency hearing resumed on May 11, 2017, and the child appeared by telephone. The hearing concluded on that date.
In a written decision, the court noted that, "[i]n 2007, Family Court Act § 1089 (d) was amended to require judges to engage in age-appropriate consultation with a child who is the subject of a permanency hearing" (Matter of Shawn S., 59 Misc 3d 277, 280 [Fam Ct, Oswego County 2017]). Although the court reasoned that more recent amendments to the Family Court Act "would appear to clearly" allow a child to waive his or her right to participate, the statute "should not be read to give children the final say" (id. at 284-285). The court concluded, without [*2]citing to any authority, that a court "should be allowed to consider the totality of the circumstances" to determine whether a child's unequivocal waiver of the right to participate should be respected (id. at 286).
We note at the outset that this appeal is moot inasmuch as the permanency hearing has concluded (see Matter of Jonathan S. [Ismelda S.], 79 AD3d 539, 539 [1st Dept 2010]; see also Matter of Herald Co. v Weisenberg, 59 NY2d 378, 381 [1983]). Nevertheless, we conclude that the exception to the mootness doctrine applies because "the issue is likely to recur, typically evades review and raises a significant question not previously determined" (Matter of Latanya H. [Halvorsen], 89 AD3d 1528, 1529 [4th Dept 2011], citing Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
We agree with the AFC that the court lacked the authority to compel the child to be present at the permanency hearing. The question is one of statutory interpretation. "When interpreting a statute, our primary consideration is to discern and give effect to the [l]egislature's intention' " (Matter of Avella v City of New York, 29 NY3d 425, 434 [2017]; see Makinen v City of New York, 30 NY3d 81, 85 [2017]). To discern the intent of the legislature, we first look to the language employed in the statute and, where the disputed language is unambiguous, we are bound "to give effect to its plain meaning" (Makinen, 30 NY3d at 85 [internal quotation marks omitted]). In doing so, we must consider " the natural signification of the words employed, and if they have a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning' " (Majewski v Broadalbin-Perth Cent. Sch. Dist., 91 NY2d 577, 583 [1998], quoting Tompkins v Hunter, 149 NY 117, 122-123 [1896]).
Here, the statutory language is clear and unambiguous. Although the permanency hearing must include "an age appropriate consultation with the child" (Family Ct Act § 1090-a [a] [1]), that requirement may not "be construed to compel a child who does not wish to participate in his or her permanency hearing to do so" (§ 1090-a [g]). The choice belongs to the child. Indeed, "[a] child age fourteen and older shall be permitted to participate in person in all or any portion of his or her permanency hearing in which he or she chooses to participate" (§ 1090-a [b] [1]). Moreover, "a child who has chosen to participate in his or her permanency hearing shall choose the manner in which he or she shall participate, which may include participation in person, by telephone or available electronic means, or the issuance of a written statement to the court" (§ 1090-a [c]). Although the court may limit the participation of a child under the age of 14 based on the best interests of the child (see § 1090-a [a] [3]; [b] [2]), the court lacks the authority to compel the participation of a child who has waived his or her right to participate in a permanency hearing after consultation with his or her attorney (see § 1090-a [a] [2]; [g]).
The court erred in its interpretation. It is not for the court to consider whether valid legislation is wise, or to allow its own policy assessment, no matter how seriously considered, to supplant the judgment of the legislature (see Chicago, B. & Q. R. Co. v McGuire, 219 US 549, 569 [1911]; Matter of County of Chemung v Shah, 28 NY3d 244, 263 [2016]). Accordingly, we conclude that the order insofar as appealed from should be reversed and those paragraphs ordering the child to be present at the permanency hearing should be vacated.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court