■ In the Matter of WILLIAM G., a Child Alleged to be Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES,

Respondent; PATRICIA G., Appellant. [655 NYS2d 659] —Mikoll, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered October 20, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend the order of placement of William G. for one year.

William G. had been adjudicated a neglected child pursuant to Family Court Act article 10 on February 28, 1991 and placed in the care of petitioner. The order was extended on December 1, 1992, August 9, 1993 and October 14, 1994. This appeal is from the current order extending William's placement for an additional year with petitioner. The petition alleged that respondent continues to deny that her son William has any special needs or requires the level of care provided him by the residential treatment facility where he has been placed.

After a hearing, Family Court found that the conditions and circumstances giving rise to the order of placement or extension have not changed, that the child service plan prepared in accordance with Social Services Law § 409 does not require review, adjustment or modification, that respondent has failed to comply with the child service plan during the term of the prior order, continuing to deny the reality of the child's problems, and refuses to participate in services designed to help her cope with them.

The hearing disclosed that the child has had difficulty repressing aggression, that he threatens others and requires restraint in educational settings. He has been admitted for psychiatric care on a number of occasions and is on a drug regimen to forestall bouts of depression. In January 1995 he was admitted to a children's home after he ran away from foster care and fired several shots from a shotgun at a tree, fantasizing that he was aiming at his foster mother's head. His current placement resulted from his own request, while on a seven-day visit with his foster parents, after he reported his feeling that he might harm somebody and in not being able to control his behavior. In view of respondent's recalcitrance, the long-range plan for the child was changed from William's return to her to his eventual discharge to independent living.

Respondent challenges Family Court's order as error, contending that the appropriateness of the child's placement and removal from foster care was not properly evaluated. We disagree. The child service plan had been reviewed by Family Court as late as July 26, 1995 in accordance with Family Court Act § 1055 (b) (i). In view of the current review thereof at which respondent was present and was afforded a full opportunity to

challenge it, we believe that the decision finding that no change was indicated should stand. Petitioner sustained its burden of proving by a fair preponderance of the evidence respondent's inability to care for the child and that continued placement is in the child's best interest (*see, Matter of Belinda B.*, 114 AD2d 70). A review of the record totally supports the court's decision to extend placement.

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.