■ In the Matter of HAYLEE RR., a Child Alleged to be Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DENISE SS., Appellant. BRANDON RR., Appellant. [849 NYS2d 359]—

---

Kane, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered February 5, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act articles 10 and 10-A, to extend the placement of the subject child and approve petitioner's permanency plan.

Respondent (hereinafter the mother) and Brandon RR. (hereinafter the father) are the parents of Haylee RR. (born in November 2004), who was removed from their custody immediately after her birth. She lived with the father's sister until February 2005, at which point both parents voluntarily transferred custody to petitioner, resulting in Haylee's placement with foster parents. At approximately the same time, petitioner commenced a neglect proceeding alleging derivative neglect against both parents based upon a 2004 Pennsylvania court order finding that they perpetrated abuse against their older son where aggravated circumstances existed. The Pennsylvania finding was based upon their son, who was four months old at the time, having a broken tibia and seven broken ribs in various stages of healing.[1] Petitioner withdrew the petition against the father because he was incarcerated in Texas at the time of the hearing; he was released at the end of 2005. In August 2005, Family Court found, upon the mother's admissions, that she neglected Haylee. Thereafter, Haylee remained in petitioner's custody due to the mother's admitted neglect and the father's voluntary placement. In July 2006, the father's aunt filed a custody petition. She was approved as a foster parent and expressed a desire to adopt Haylee if parental rights were terminated. The foster parents who cared for Haylee also expressed interest in adopting her.

After a permanency hearing concluded in January 2007, Family Court approved petitioner's permanency plan, which modified the permanency goal of return to parent and substituted a new goal of freeing the child for adoption. Petitioner had al-

---

1. The mother and the father subsequently surrendered their parental rights to their son.

ready filed a petition to terminate parental rights, in further-ance of this new goal.[2] The court continued Haylee's placement with the same foster parents, rather than transferring her to the father's aunt. The mother and father appeal.

Family Court did not err in accepting petitioner's modified permanency plan. Termination of parental rights and freeing a child for adoption may be appropriate where the parents do not develop an awareness of the child's basic needs or the reason the child is in foster care, as long as the parents have been provided with adequate time and services to assist them in developing such an awareness (see Matter of Jennifer R., 29 AD3d 1003, 1004-1005 [2006]). Petitioner offered services to the parents as part of its reasonable efforts to eliminate the need for placement and to enable Haylee to safely return to them (see Family Ct Act § 1089 [d] [2] [iii] [A]). Yet, to ensure Haylee's safety, petitioner and Family Court refused to consider return-ing Haylee to either parent until he or she credibly explained the cause of their son's injuries. The mother vaguely testified that she accepted responsibility for her son receiving injuries, but could not explain how the child was injured. The parents complied with petitioner's other requirements, but no explana-tion was ever offered by either parent despite the Pennsylvania order finding that each was a perpetrator of abuse against their son. Without explaining the circumstances which led to the multiple injuries suffered by their son, the parents cannot ef-fectively address the underlying parenting problems, nor can petitioner work with the parents to address their parenting deficiencies. Under the circumstances, given the parents' failure to explain the cause of the injuries to their son despite the pas-sage of several years since entry of the Pennsylvania court or-der, petitioner met its burden of showing that a change in the permanency goal to adoption was in the child's best interests (see Matter of Darlene L., 38 AD3d 552, 554 [2007]; Matter of Jennifer R., 29 AD3d at 1004 [2006]; Matter of Amanda C., 309 AD2d 744, 744 [2003]).

Family Court properly found that the child's best interests were served by continuing her placement in foster care rather than placing her with the father's aunt, and arranging for visita-tion with the aunt. The court was not required to provide a sep-arate hearing on the aunt's application to be a foster parent because she did not apply within one year of Haylee's place-

---

**2.** Petitioner informs us that, subsequent to the entry of the order cur-rently on appeal, Family Court dismissed the petition to terminate parental rights. The dismissal does not render this appeal moot, however, because the current permanency goal remains freeing the child for adoption.

ment in foster care (*see* Family Ct Act § 1028-a [a] [v]). The foster parents would have a preference for adoption, given that they had continuously cared for Haylee for more than a year and expressed an interest in adopting her (*see* Social Services Law § 383 [3]; *Matter of Michael W.*, 120 AD2d 87, 90 [1986]). Haylee had lived with the foster parents since she was three months old, and had only visited with the aunt on, at most, four occasions. Thus, it was reasonable for the court to determine that Haylee's best interests would be served by continuing her placement in the current foster home and arranging for visits with the aunt. This opened the door for future placement with the aunt either as a foster parent, as a suitable relative or as a potential preadoptive home (*see* Family Ct Act § 1089 [d] [2]).

The father's due process rights were not violated. Family Court reasonably permitted petitioner to withdraw its neglect petition against the father without prejudice based upon the practical difficulties of proceeding when he was incarcerated out of state. He fully participated, with counsel, in this proceeding concerning the extension of placement and approval of the permanency plan.

Cardona, P.J., Spain, Carpinello and Malone, JJ., concur. Ordered that the order is affirmed, without costs.