■ In the Matter of REBECCA KK., a Child Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SHARON PP., Appellant. [865 NYS2d 722]—

Mercure, J. Appeal from an order of the Family Court of

Cortland County (Campbell, J.), entered October 3, 2007, which, among other things, in a proceeding pursuant to Family Ct Act article 10-A, continued the suspension of visitation between respondent and the child.

The underlying facts are more fully set forth in a prior decision of this Court affirming a determination that respondent, the subject child's mother, had neglected the child (51 AD3d 1086 [2008]). This Court further concluded that it would be in the child's best interests to remain in petitioner's custody and that respondent's visitation should remain suspended (*id.* at 1088). In September 2007, a permanency hearing was conducted, during which petitioner presented evidence that respondent had not substantially complied with the terms of the prior dispositional order, including the requirements that she complete parenting and mental health courses and cooperate with caseworkers. Petitioner also informed the court that approximately one month prior to the hearing, it filed a severe abuse petition against respondent and, therefore, it sought to change the permanency planning goal to the termination of respondent's parental rights. Thereafter, Family Court issued a permanency order that, among other things, continued the placement of the child in petitioner's custody, modified the permanency plan for the child to placement for adoption, and continued suspension of respondent's visitation. Respondent appeals and we now affirm.

Respondent asserts that petitioner failed to demonstrate that it exercised reasonable efforts to effectuate the prior permanency goal of returning the child to her; rather, respondent maintains, petitioner frustrated that goal by denying visitation. Respondent argues that the suspension of visitation was not in the child's best interests, and that Family Court further erred in changing the permanency goal to adoption inasmuch as that goal was not set forth in the permanency hearing report that was served, as required, more than 14 days prior to the permanency hearing (*see* Family Ct Act § 1089 [b], [c]). As set forth in our prior decision, however, the denial of visitation by Family Court was " 'based on compelling reasons and substantial evidence that such visitation would be detrimental or harmful to the child's welfare' " (*Matter of Victoria X.*, 34 AD3d 1117, 1118 [2006], *lv denied* 8 NY3d 806 [2007], quoting *Matter of Sullivan County Dept. of Social Servs. v Richard C.*, 260 AD2d 680, 682 [1999], *lv dismissed* 93 NY2d 958 [1999]; *accord* 51 AD3d at 1088). Inasmuch as the circumstances justifying the original denial of visitation continue to persist, it cannot be said that Family Court erred in continuing the suspension of visitation or

that petitioner failed to exercise reasonable efforts simply because it complied with the court-ordered suspension of visitation. Moreover, Family Court has the authority to approve *or modify* the proposed permanency goal (*see* Family Ct Act § 1089 [d] [2] [i]) and, given the severe abuse petition that postdated the permanency hearing report, as well as evidence that respondent refused to permit mandated home inspection or sign releases of information, and rarely complied with the requirements that she meet with caseworkers and participate in mental health counseling sessions and other mandated services, the record contains a sound and substantial basis to support the court's modification of the permanency goal here (*see Matter of Haylee RR.*, 47 AD3d 1093, 1095 [2008]; *Matter of Darlene L.*, 38 AD3d 552, 554 [2007]; *Matter of Jennifer R.*, 29 AD3d 1003, 1004-1005 [2006]; *Matter of Amanda C.*, 309 AD2d 744, 744 [2003]).

Cardona, P.J., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.