In the Matter of Kasja YY., a Child Alleged to be Neglected. Schuyler County Department of Social Services, Respondent; Karin B., Appellant. [893 NYS2d 389]—

Rose, J.

In a prior proceeding, respondent was found to have neglected her child (born in 2007) and the child was removed from her care (*Matter of Kasja YY.*, 64 AD3d 907 [2009]). The child was placed with her maternal aunt in Tennessee and, after a permanency hearing, Family Court issued an order continuing the placement, prompting this appeal by respondent.

During the pendency of this appeal, Family Court entered an

order that terminated respondent's parental rights on the ground of mental illness. Nevertheless, we do not find this appeal to be moot because any appeal by respondent from that later order has not been determined and the issue of proper placement may yet arise (cf. *Matter of Vivian OO.*, 34 AD3d 1084, 1084-1085 [2006]; *Matter of Raychael L.W.*, 298 AD2d 829, 829 [2002], *lv denied* 99 NY2d 504 [2002]).

Turning to the merits, we accord great deference to Family Court's credibility determinations and factual findings, and will not disturb them unless they are lacking a substantial basis in the record (*see Matter of Desmond LL.*, 61 AD3d 1309, 1309 [2009]; *Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]). Here, there was testimony by a caseworker and the child's aunt that respondent left Tennessee without notifying anyone and could not be located thereafter until she applied for public assistance in New York. In addition, there was evidence that respondent had refused mental health services and moved three times after returning to New York. Moreover, respondent refused to return to Tennessee even though she was advised that reunification with the child would be very difficult if she did not do so. Inasmuch as a parent must demonstrate "that progress has been made to overcome the specific problems which led to the removal of the child" (*Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]; *see Matter of Jennifer VV.*, 241 AD2d 622, 623 [1997]), and the evidence here demonstrates that respondent has not done so, we find no basis to disturb Family Court's conclusion that the child's best interests warrant her continued placement in the custody of her aunt (*see Matter of William G.*, 233 AD2d 702, 704 [1996]).

Peters, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.