■ In the Matter of BRANDON DD., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JESSICA EE., Appellant. [903 NYS2d 195]—

Mercure, J. Appeals (1) from two orders of the Family Court of Clinton County (Lawliss, J.), entered August 27, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to find respon-

dent in willful violation of an order of disposition, and issued second modified orders of disposition and protection, and (2) from an order of said court, entered September 28, 2009, which granted a motion by the attorney for the child to further modify the second order of disposition.

Upon respondent's admissions and consent, Family Court adjudicated her son (born in 1998) to be a neglected child in January 2009 and placed respondent under petitioner's supervision. Thereafter, the attorney for the child discovered that respondent had become engaged to—and ultimately married—a risk level two sex offender (hereinafter the stepfather), whose conditions of supervision include a prohibition on contact with minors. As a result, Family Court issued modified orders requiring respondent to ensure that the stepfather did not come within 1,000 feet of the child.

Petitioner commenced this proceeding alleging that respondent willfully violated the modified orders by allowing the stepfather to be present in the home with the child. In that regard, a caseworker testified that she went to respondent's home with a state trooper after receiving a report that the stepfather was at the home with the child. Although respondent denied that the child was in the home, a search performed at respondent's invitation revealed the child to be hiding, fully clothed, in the shower. Respondent called the child by a different name, stated—incorrectly—that he was a friend's nephew and directed the child not to cooperate with the caseworker or the state trooper. Respondent admitted that the allegations in the petition were true during the fact-finding hearing.[1] In addition, another person, who was present in respondent's home at the time, testified that he signed a statement that respondent prepared in which he falsely swore that the child found in her home was not respondent's son.

Family Court found that respondent had willfully violated the orders, imposed a sanction of three days in jail and issued a second modified order of protection and a second modified order of disposition (both entered August 29, 2009) that, as relevant here, placed the child in petitioner's custody and authorized supervised visitation with respondent. A third modified order of disposition, entered September 28, 2009, was subsequently entered modifying the second order only to the extent of permitting respondent and the child to exchange a journal. Petitioner

---

1. Respondent later recanted her admission that she had encouraged the child to be deceitful.

appeals and we now affirm the third modified order of disposition.[2]

Respondent challenges Family Court's determination placing the child in petitioner's custody as "an extreme overreaction" and against the child's best interests. A " 'dispositional order must reflect a resolution consistent with the best interests of the children after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record' " (*Matter of Elijah Q.*, 36 AD3d 974, 976 [2007], *lv denied* 8 NY3d 809 [2007], quoting *Matter of Alaina E.*, 33 AD3d 1084, 1087 [2006]; *see Matter of Aidan D.*, 58 AD3d 906, 908 [2009]; *Matter of Isaiah F.*, 55 AD3d 1004, 1006-1007 [2008]). As Family Court noted, the evidence at the dispositional hearing established that respondent knowingly allowed the child to be in the presence of the stepfather despite orders to the contrary, was fundamentally unwilling to protect the child from the stepfather, and engaged in an elaborate scheme to deceive the authorities, which included encouraging the child to lie about his identity and attempted solicitation of perjury. Under these circumstances, Family Court properly determined that temporary placement with petitioner was in the child's best interests (*Matter of Elijah Q.*, 36 AD3d at 976; *Matter of Alaina E.*, 33 AD3d at 1087).

Cardona, P.J., Peters, Kavanagh and Garry, JJ., concur. Ordered that the order entered September 28, 2009 is affirmed, without costs. Ordered that the appeals from the orders entered August 27, 2009 are dismissed, as moot, without costs.

---

**2.** Respondent also appealed from the second modified order of protection and the second modified order of disposition. These appeals have been rendered moot inasmuch as the order of protection expired by its own terms in February 2010, and the second modified order of disposition was superceded by the third modified order of disposition (*see Matter of Destiny HH.*, 63 AD3d 1230, 1231 [2009], *lv denied* 13 NY3d 706 [2009]). Although Family Court issued a subsequent permanency hearing order in February 2010 and a corrected order in March 2010 that extended the child's placement, respondent's appeal from the third dispositional order is not moot inasmuch as an order placing a child in foster care may, in future proceedings, affect a parent's status or parental rights (*see* Family Ct Act § 1055 [b] [i] [D]; § 1089 [d] [2] [vii] [D]; *Matter of Jeffrey D.*, 233 AD2d 668, 669 [1996]; *Matter of Matthew C.*, 227 AD2d 679, 680 [1996]). To the extent that *Matter of Chelsea M.* (61 AD3d 1030, 1032 [2009]) held to the contrary, that case should no longer be followed.