■ In the Matter of Brandon DD., a Neglected Child. Clinton County Department of Social Services, Respondent; Jessica EE., Appellant. [904 NYS2d 575]—

Appeals (1) from an order and an amended order of the Family Court of Clinton County (Lawliss, J.), entered February 2, 2010 and March 18, 2010, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10-A, to extend placement of respondent's child, and (2) from an order and an amended order of said court, entered February 2, 2010 and March 18, 2010, which issued orders of protection.

In January 2009, Family Court adjudicated respondent's son (born in 1998) to be a neglected child and placed respondent under petitioner's supervision. Respondent subsequently married a risk level two sex offender (hereinafter the stepfather)

and Family Court issued modified orders requiring respondent to keep the child 1,000 feet away from the stepfather. When respondent violated these orders, Family Court issued additional orders which, among other things, placed the child in petitioner's custody and authorized supervised visitation with respondent. We recently upheld the temporary placement of the child with petitioner and the supervised visitation (*Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435 [2010]).

In January 2010, Family Court held a permanency hearing to determine if placement of the child with petitioner should be extended for an additional six months. At the conclusion of the hearing, the court ruled that placement should be extended and that supervised visitation should be continued. The court issued an order and an amended order accordingly, as well as an order of protection and an amended order of protection consistent with the aforementioned orders.* Respondent appeals.

Respondent asserts that Family Court abused its discretion in continuing placement of the child with petitioner and, at the very least, should have allowed her unsupervised visitation. Initially, we note that in determining whether the extension of placement is appropriate, the court must consider the physical, mental and emotional well-being of the child and whether his or her best interests are protected by continued placement (*see Matter of Owen AA.*, 64 AD3d 953, 954 [2009]; *see also* Family Ct Act § 1089 [d]). Also relevant to this determination is whether the parent has demonstrated "that progress has been made to overcome the specific problems which led to the removal of the child" (*Matter of Kasja YY. [Karin B.]*, 69 AD3d 1258, 1259 [2010] [citations omitted], *lv denied* 14 NY3d 711 [2010]).

In this case, considerable evidence was presented that respondent participated in recommended mental health counseling, drug testing, educational programming and parenting classes, and that she regularly attended scheduled visitation and family counseling sessions. On the other hand, there was evidence that respondent tested positive for THC at least twice, once shortly before the permanency hearing, and that she continued to cohabit with the stepfather despite her claims that he had his own apartment and that they were divorcing. Notably, respondent herself admitted that the stepfather had, in fact, stayed at her residence just prior to the permanency hearing. Thus, despite evidence that respondent has undertaken meaningful efforts to reunite with her son, given her positive drug test and continued

---

* The amended orders were issued to remedy an inaccuracy in the original orders regarding the date of the permanency hearing.

cohabitation with the stepfather, we find that the extension of placement was in the child's best interests. Furthermore, given testimony indicating that respondent did not always act appropriately with her son during visitation, we cannot say that Family Court abused its discretion in continuing supervised visitation.

Cardona, P.J., Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the orders and amended orders are affirmed, without costs.