■ In the Matter of HAYLEY PP., a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTAL PP., Respondent and CINDY QQ., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of BRIANNA PP., a Neglected Child. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTAL PP., Respondent, and CINDY QQ., Appellant, et al., Respondent. (Proceeding No. 2.) [909 NYS2d 197]—

Malone Jr., J. Appeals from two orders of the Family Court of Broome County (Pines, J.), entered December 15, 2009, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 10-A, to terminate the placement of the subject children.

Respondent Christal PP. (hereinafter respondent) is the biological mother of four children—two of whom, Haley (born in 2005) and Brianna (born in 2006), are the subjects of these proceedings. In April 2007, petitioner commenced a neglect proceeding against respondent and the children's maternal

grandfather.[1] Respondent Cindy QQ., a family friend who had been granted temporary custody of Brianna two months earlier, withdrew her previously filed Family Ct Act article 6 petitions seeking custody of both Brianna and Haley upon the condition that she be granted intervenor status in the underlying neglect proceeding.[2] After a finding of neglect was made, Family Court continued Brianna's placement with Cindy QQ. and, ultimately, placed Haley with her as well. Petitioner thereafter provided respondent with various services and established a permanency goal of returning the children to her custody.

In July 2009, petitioner commenced the instant proceedings seeking to terminate the children's placement and reunite them with respondent. Cindy QQ. opposed those applications, and two hearings ensued. At the conclusion of the September 2009 hearing, Family Court granted temporary custody of the children to respondent pending completion of the permanency hearing. Following completion of the second hearing in November 2009, Family Court granted petitioner's applications, terminated the children's placement and ordered that they be returned to respondent's custody. Family Court also denied Cindy QQ.'s request for visitation with the children. These appeals by Cindy QQ. ensued.

We affirm. Insofar as is relevant to these appeals, Family Ct Act § 1089 vests Family Court with the authority to determine whether, "upon the proof adduced . . . and in accordance with the best interests and safety of the child, . . . the placement of the child [should] be terminated and the child returned to the parent" (Family Ct Act § 1089 [d] [1]; see Matter of Cristella B., 65 AD3d 1037, 1039 [2009]; Matter of Amber B., 50 AD3d 1028, 1029 [2008]). Such determination depends upon, among other things, "whether the parent has demonstrated that progress has been made to overcome the specific problems which led to the removal of the child" in the first instance (Matter of Brandon DD. [Jessica EE.], 75 AD3d 815, 816 [2010] [internal quotation marks and citation omitted]). In this regard, "we accord great deference to Family Court's credibility determinations and factual findings, and will not disturb them unless they are lacking a substantial basis in the record" (Matter of Kasja YY. [Karin B.], 69 AD3d 1258, 1259 [2010], lv denied 14 NY3d 711 [2010]; see Matter of Kayla J. [Michael J.], 74 AD3d 1665, 1666-1667 [2010]).

Here, petitioner's caseworker and parent aide, as well as the

---

1. The grandfather appeared only intermittently and is not a party to this appeal.

2. Cindy QQ. is not a certified foster parent.

court-appointed special advocate, all testified as to the "tremendous progress" that respondent had made in the year preceding the hearings. Specifically, respondent completed a variety of recommended classes, underwent mental health counseling, addressed the safety concerns originally identified by petitioner, cooperated with petitioner, accepted the recommendations of the parent aide, appropriately interacted with and disciplined her children and overall demonstrated greater maturity and a significantly improved attitude. To the extent that Cindy QQ. expressed concerns regarding respondent's ability to be an effective parent, this presented a credibility issue for Family Court to resolve and, in light of the ample testimony supporting reuniting respondent with Haley and Brianna, we cannot say that the court's decision in this regard lacked a sound and substantial basis in the record.

Nor are we persuaded that Family Court erred in failing to award Cindy QQ. visitation with the children. Even accepting that Cindy QQ. had a close and loving relationship with Haley and Brianna, the case law makes clear that "a nonbiological parent does not have standing to request . . . visitation when a biological parent is fit and opposes [such] visitation" (*Gulbin v Moss-Gulbin*, 45 AD3d 1230, 1231 [2007], *lv denied* 10 NY3d 705 [2008]; *see Matter of Ronald FF. v Cindy GG.*, 70 NY2d 141, 144-145 [1987]; *Matter of Cindy P. v Danny P.*, 206 AD2d 615, 616 [1994], *lv denied* 84 NY2d 808 [1994]). Respondent's parental fitness is implicit in Family Court's decision to return Haley and Brianna to her and, as such, Family Court properly left the issue of visitation to respondent's discretion. Cindy QQ.'s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.