■ In the Matter of DESTINY EE., a Neglected Child. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondents; KAREN FF., Appellant. (Proceeding No. 1.) In the Matter of NIGAL FF., a Neglected Child. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondents; KAREN FF., Appellant. (Proceeding No. 2.) In the Matter of BRANDON EE., a Neglected Child. ULSTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondents; KAREN FF., Appellant. (Proceeding No. 3.) [918 NYS2d 614]—

Family Court determined that two of respondent's children, Brandon EE. (born in 1997) and Nigal FF. (born in 2000), were neglected based on findings that her then-husband, the father of Nigal, had sexually abused Brandon in 2001. Despite respondent's knowledge of these findings, she later sent Nigal to spend the summer with his father in Mississippi. When the father would not return Nigal, respondent turned to Family Court for assistance. After Nigal's return, petitioner sought, and respondent consented, to an order adjudicating Brandon, Nigal and Destiny EE. (born in 2003) to be neglected and placing them in the custody of petitioner. After a permanency hearing, Family Court determined that it was in the children's best interests to remain in foster care and changed the permanency goal from "return to parent" to "placement for adoption." Respondent appeals, contending that petitioner failed to meet its burden of justifying either continued placement or a change in the permanency goal.

In seeking an extension of placement, petitioner must demonstrate, by a preponderance of evidence, that respondent is presently unable to care for the children, and that continued placement is in their best interests (*see Matter of Brandon DD. [Jessica EE.]*, 75 AD3d 815, 816 [2010]; *Matter of Natasha RR.*, 42 AD3d 762, 763 [2007], *lv dismissed* 9 NY3d 956 [2007]). The evidence at the hearing revealed that respondent made no meaningful progress in addressing the issues related to her mental health, housing and employment. Specifically, respondent had a number of unexcused absences from therapy, stopped attending group therapy altogether, stopped utilizing a program designed to help her find employment, continued to live in a studio apartment unsuitable for overnight visitation and, instead of finding a job, was "volunteering" at her friend's grocery, which consisted mainly of hanging out there with her friends. There was also evidence that respondent did not appropriately manage her children's behavior or address their issues during supervised visitation, and that she had expressed the belief that the father had not sexually abused Brandon.

In sum, the evidence demonstrated that respondent failed to make progress " 'to overcome the specific problems which led to

the removal of [her] child[ren]' " in the first instance (*Matter of Kasja YY. [Karin B.]*, 69 AD3d 1258, 1259 [2010], *lv denied* 14 NY3d 711 [2010], quoting *Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]). As respondent failed to gain any awareness of the children's needs or the reasons the children were placed in foster care, and failed to comply with the services offered her over the nearly 18 months that the children were in petitioner's care, there is a sound and substantial basis in the record for the determination to extend placement (*see Matter of Brandon DD. [Jessica EE.]*, 75 AD3d at 816-817; *Matter of William G.*, 233 AD2d 702, 703-704 [1996]).

With respect to the permanency goal, although the "overarching consideration" is always to return the child to the parent (*Matter of Dale P.*, 84 NY2d 72, 77 [1994]), when such reunification is not possible because of a parent's unwillingness or inability to correct the conditions that led to the removal of the children from the home, the goal then shifts to finding a permanent, stable solution as soon as possible because it is not in the children's best interests to continue in foster care on an indefinite or long-term basis (*see Matter of Michael B.*, 80 NY2d 299, 310 [1992]). Family Court has the authority to modify an existing permanency goal (*see* Family Ct Act § 1089 [d] [2] [i]), and respondent's failure to comply with and take advantage of the services offered to her provides a sound and substantial basis upon which to do so here (*see Matter of Lindsey BB. [Ruth BB.]*, 72 AD3d 1162, 1164 [2010]; *Matter of Rebecca KK.*, 55 AD3d 984, 986 [2008]).

We have considered respondent's remaining contentions and, to the extent that they have been preserved, they are without merit.

Peters, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.