■ In the Matter of ALEXIS AA. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES Respondent; JOHN AA., Appellant. [937 NYS2d 381]—

Kavanagh, J.

To establish neglect, petitioner must prove by a preponderance of the evidence (see Family Ct Act § 1046 [b] [1]) that the children's " 'physical, mental or emotional condition [have] been impaired or [are] in imminent danger of becoming impaired as a result of the failure of [respondent] to exercise a minimum degree of care' with regard to food, clothing, shelter, education and medical care or proper guardianship or supervision" (*Matter of Alyson J. [Laurie J.]*, 88 AD3d 1201, 1202 [2011], quoting Family Ct Act § 1012 [f] [i]; *see Matter of Joseph RR. [Lynn TT.]*, 86 AD3d 723, 724 [2011]). Here, caseworkers testified to numerous instances during which Gabe and Noah sustained significant injuries because respondent failed to properly supervise them while they were in his care. In that regard, evidence was presented that Noah was left unattended

on a back porch staircase and injured his head when he fell to the concrete slab below. The same child was left alone in a room and burned his arm when he came into contact with an exposed baseboard heating unit. Noah was also found to have numerous bites on his body—some severe—all of which had been inflicted by his brother when the two children were not properly supervised by respondent. Respondent also permitted both children to eat food that was on the floor of the premises and took no steps to prevent Gabe from hitting his head on the sidewalk and licking puddles while outside on the street. These incidents, all of which occurred at a time when respondent was charged with the supervision of these children and responsible for their care, provide ample support for Family Court's determination that he neglected both children (*see Matter of Samuel DD. [Margaret DD.]*, 81 AD3d 1120, 1124 [2011]; *Matter of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1098-1099 [2010]).

As for Family Court's decision to place Gabe and Noah with petitioner, we note that, in addition to the evidence establishing respondent's neglect of these children, the family home—despite petitioner's ongoing efforts to provide services to respondent and the mother—was often littered with garbage and debris and was so unsanitary that it remained an unsuitable environment for young children (*see Matter of Keaghn Y. [Heaven Z.]*, 84 AD3d 1478, 1478-1479 [2011]; *Matter of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d at 1099-1100).[3] While respondent and the mother did attempt, albeit somewhat belatedly, to address these conditions and remedy them, we agree with Family Court that the record, when viewed in its entirety, establishes that the children's best interests required that they be placed in petitioner's custody (*see Matter of Elijah Q.*, 36 AD3d 974, 975-976 [2007], *lv denied* 8 NY3d 809 [2007]).

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.

---

**3.** We reject the contention of the attorney for the children that the appeal from the dispositional order is moot (*see Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435, 1437 n 2 [2010]).