In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Zarrello, Ct. Atty. Ref.), dated June 1, 2011, as, after a permanency hearing, continued the permanency goal of adoption with regard to the subject child.
Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.
The appellant mother gave birth to the subject child on April 16, 2009. On April 27, 2009, the Administration for Children’s Services (hereinafter ACS) filed a petition alleging that the child was at risk of being neglected. After a fact-finding hearing, the Family Court entered a finding of neglect. In an order entered July 26, 2010, the Family Court modified the permanency goal from reunification with the mother to placement for adoption, and scheduled the matter for another permanency hearing. The mother did not appeal from that order.
The evidence presented at the subsequent permanency hearing established that the mother arrived significantly late to most of her supervised visits with the child, and even left one visit before it started. During those visits, the mother was observed speaking inappropriately to the child and often used profanity in front of him. She was also belligerent toward the foster agency’s staff. Further, for more than a year, she refused to let ACS inspect her home and the most recent inspection had shown the apartment, inter alia, lacking window guards for the child. Although she testified that she completed a parenting skills program, the mother failed to avail herself of any of the mental health counseling referrals provided by the foster agency. The evidence also showed that the child has bonded with his *1060 foster parents, with whom he has lived, for almost all of his life, and that the foster parents are actively addressing his special needs.
In the order appealed from, the Family Court, among other things, continued the permanency goal' of adoption. The mother appeals and we affirm the order insofar as appealed from.
At a permanency hearing, the petitioner bears the burden of establishing the appropriateness of a permanency goal, or a goal change, by a preponderance of the evidence (see Matter of Cristella B., 65 AD3d 1037, 1038 [2009]; Matter of Amber B., 50 AD3d 1028, 1029 [2008]). The findings of the Family Court on the issue of credibility are entitled to considerable deference, and we find no reason to disturb its determination of the factual issues (see Matter of Jeshaun R. [Ean R.], 85 AD3d 798, 799 [2011]; Matter of Candace S., 38 AD3d 786 [2007]). The petitioner met its burden of establishing, by a preponderance of the evidence, that the plan to continue the permanency goal of adoption was in the child’s best interests (see Matter of Tsulyn A. [Deborah A.], 90 AD3d 748, 749 [2011]; Matter of Patrice S., 63 AD3d 620, 620-621 [2009]; Matter of Rebecca KK., 55 AD3d 984, 986 [2008]; cf. Matter of Brandon DD. [Jessica EE.], 75 AD3d 815, 816 [2010]). Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.