■ In the Matter of ALEXIS AA., a Child Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN AA. et al., Appellants. (Proceeding No. 1.) In the Matter of GABE AA., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN AA. et al., Appellants. (Proceeding No. 2.) In the Matter of NOAH AA., a Neglected Child. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOHN AA. et al., Appellants. (Proceeding No. 3.) [948 NYS2d 709]—

Spain, J.

Respondent John AA. (hereinafter the father) and respondent Emily BB. (hereinafter the mother) are the parents of Gabe AA., Noah AA. and Alexis AA. (born in 2008, 2009 and 2010, respectively). This Court recently affirmed Family Court orders finding that Noah and Gabe were neglected and placing them with petitioner (*Matter of Alexis AA. [John AA.]*, 91 AD3d 1073 [2012], *lv denied* 18 NY3d 809 [2012]). The present neglect proceeding concerning Alexis was commenced in March 2011 and, following a Family Ct Act § 1027 hearing, Alexis was also placed with her siblings in foster care. Thereafter, respondents consented to a finding of derivative neglect as to Alexis and, after a combined hearing, the court issued a dispositional order keeping Alexis in the custody of petitioner, orders continuing the placement of Gabe and Noah with petitioner and corresponding orders of protection for Gabe and Noah. Respondents now appeal from the dispositional order, the permanency orders and the orders of protection.

Initially, the permanency orders on appeal covering each of the three children have been superceded by subsequent permanency orders entered March 21, 2012. Accordingly, the current appeals as to Noah and Gabe are moot (*see Matter of Telsa Z. [Denise Z.]*, 84 AD3d 1599, 1600 n 2 [2011], *lv denied* 17 NY3d 708 [2011]; *Matter of William M. v Tompkins County Dept. of Social Servs.*, 81 AD3d 1186, 1187 [2011]; *Matter of Ariel FF.*, 63 AD3d 1202, 1203 [2009]).[1] However, despite the superceding permanency order, respondents' appeal from the dispositional order with respect to Alexis is not moot, "as an order placing a child in foster care may, in future proceedings, affect a parent's status or parental rights" (*Matter of Brandon DD. [Jessica EE.]*, 74 AD3d 1435, 1437 n 2 [2010]; *see Matter of Jacelyn TT. [Tonia*

---

1. Additionally, the orders of protection from which respondents appealed each expired on March 29, 2012, also rendering any appeal from those orders moot (*see Matter of Justin CC. [George CC.—Tina CC.]*, 86 AD3d 725, 725 [2011]).

*TT.—Carlton TT.]*, 80 AD3d 1119, 1120 [2011]; *Matter of Kenneth QQ. [Jodi QQ.]*, 77 AD3d 1223, 1224 [2010]).

We next turn to the merits of the dispositional order regarding Alexis.[2] "[A] dispositional order must reflect a resolution consistent with the best interests of the child[ ] after consideration of all relevant facts and circumstances, and must be supported by a sound and substantial basis in the record" (*Matter of Alaina E.*, 33 AD3d 1084, 1087 [2006]; *see Matter of Telsa Z. [Denise Z.]*, 84 AD3d at 1603; *Matter of Keaghn Y. [Heaven Z.]*, 84 AD3d 1478, 1478-1479 [2011]). Respondents each admitted to the specific allegations in the neglect petitions filed against them and each consented to findings of neglect. The allegations stemmed from findings underlying Family Court's earlier dispositional orders placing Gabe and Noah in foster care, including that respondents failed to properly supervise the children and keep them safe and that the family home was so unsanitary that it was unsuitable for young children (*see Matter of Alexis AA. [John AA.]*, 91 AD3d at 1073-1074).

Additionally, the permanency hearing report, received in evidence at the dispositional hearing, revealed that respondents had failed to use appropriate disciplinary and supervisory techniques during supervised visits with their children. During one visit, respondents had to be alerted by a caseworker that Alexis was choking on food and, on multiple occasions, the mother had to be asked by members of petitioner's staff to refrain from shouting at the children. Further, while the mother argues that the condition of the home was improved, in admitting in May 2011 that Alexis was derivatively neglected, she also admitted that she had failed to address the condition, cleanliness and safety of her home and embrace the services offered to her to remedy her parenting problems. An unannounced home visit conducted after the mother made these admissions—and prior to the dispositional hearing—revealed little improvement to the condition of the home, despite the fact that respondents were working regularly with a homemaker provided by petitioner. Evidence also established that respondents permitted a man whom they knew to be a convicted sex offender to stay at their home for extended periods of time and spend time alone with the children.

---

**2.** While the mother also advances arguments challenging the propriety of Family Court's order temporarily placing Alexis in foster care after the Family Ct Act § 1027 hearing, she failed to appeal from that order. In any event, inasmuch as this temporary removal order was superceded by a final dispositional order, any challenge to the temporary order is also moot (*see Matter of Shalyse WW.*, 63 AD3d 1193, 1196-1197 [2009], *lv denied* 13 NY3d 704 [2009]; *Matter of Angelique L.*, 42 AD3d 569, 570-571 [2007]).

The record is also replete with instances, during the relevant period of time, of domestic violence between respondents, both at home and in public, with the mother as the main aggressor. Moreover, the father, who is legally blind and can see only "basic shapes and shadows" when wearing glasses, admitted to a caseworker that he suffers from depression, experiences temporary blackouts as a result of migraine headaches and, because of his health problems, cannot safely care for the children on his own. Evidence was introduced that the mother has also suffered from depression, had suicidal thoughts that caused her to be hospitalized in April 2011, and has expressed to a caseworker that she was fearful that she would "black out, become aggressive and lose her children forever."

On this record, we find ample support that respondents failed to make progress " 'to overcome the specific problems which led to the removal of [their] child[ren]' " in the first instance (*Matter of Kasja YY. [Karin B.]*, 69 AD3d 1258, 1259 [2010], *lv denied* 14 NY3d 711 [2010], quoting *Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]; *accord Matter of Destiny EE. [Karen FF.]*, 82 AD3d 1292, 1293-1294 [2011]). Accordingly, Family Court's dispositional determination, that placement of Alexis with petitioner was in her best interests, is supported by a sound and substantial basis in the record, and should not be disturbed (*see Matter of Alaina E.*, 33 AD3d at 1087).

We have considered respondents' remaining contentions and find them unavailing.

Rose, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the appeals from the orders of protection and the extension of placement orders entered September 13, 2011 are dismissed, as moot, without costs. Ordered that the order entered September 13, 2011 adjudicating Alexis AA. to be neglected is affirmed, without costs.