Garry, J.
Respondent is the mother of three children (born in 1999, 2002 and 2006) who have been in petitioner’s care since October 2010. In December 2010, respondent was found to have neglected the children by her own admissions that she could not control the behavior of her children or provide for their emotional needs and failed to intervene in situations where the children were physically violent toward one another.[1] Permanency hearings were held in January 2011 and June 2011, with the permanency goal of returning the children to respondent. At the December 2011 permanency hearing, all parties advocated that the permanency goal remain reunification, with the children continuing in petitioner’s care for another six-month period. Family Court instead modified the permanency goal to placement for adoption with petitioner filing for termination of parental rights. The basis stated for this determination was *948 respondent’s mental health issues and housing problems and the children’s safety concerns. Respondent appeals.[2]
Family Court may modify the permanency goal, even in the absence of a request (see Family Ct Act § 1089 [d] [2] [i]; Matter of Jacelyn TT. [Tonia TT.— Carlton TT.], 80 AD3d 1119, 1120 [2011]; see also Matter of Rebecca KK., 55 AD3d 984, 985-986 [2008]). Wherever possible, the societal goal and “overarching consideration” is to return a child to the parent (Matter of Dale P., 84 NY2d 72, 77 [1994]; see Social Services Law § 384-b [1] [a]), and reunification remains the goal unless a parent is unable or unwilling to correct the conditions that led to the removal. As long-term foster care is not in a child’s best interests, the goal then becomes finding a permanent, stable solution for the child (see Matter of Dale P., 84 NY2d at 77; Matter of Destiny EE. [Karen FF.], 82 AD3d 1292, 1294 [2011]; Matter of Jocelyn TT. [Tonia TT.— Carlton TT.], 80 AD3d at 1121). The termination of parental rights becomes necessary and appropriate where a parent fails to demonstrate a willingness to work toward the goal of reunification, fails to comply with petitioner’s recommendations or fails to develop an awareness of the child’s basic needs or underlying reasons for placement in petitioner’s care. The modification of a permanency goal will not be disturbed if such circumstances are revealed, and the determination is thus supported by a sound and substantial basis in the record (see Matter of Jacelyn TT. [Tonia TT.—Carlton TT.], 80 AD3d at 1120-1121; Matter of Telsa Z. [Rickey Z.], 74 AD3d 1434, 1435 [2010]; Matter of Haylee RR., 47 AD3d 1093, 1095 [2008]).
Here, while respondent has been diagnosed with depressive disorder not otherwise specified, a condition expected to last more than one year, both petitioner’s caseworker and respondent’s mental health counselor testified that respondent was making progress and has implemented newly acquired parenting skills and coping skills. Although she requires financial assistance for her monthly rental payment, respondent has also successfully acquired stable housing and is seeking a larger home so that all three children can live comfortably with her. Respondent also completed parenting classes, attends group and individual therapy and attends family therapy with the children. Notably, respondent recognized her past poor parenting and identified the steps she was taking to monitor the children and better communicate with them. Although the older children have expressed concerns about returning to respondent’s care and unsupervised visits, due to their past experiences, the *949 caseworker testified that they were comfortable with respondent during visitation and that the children’s concerns could only be allayed by reassurance from respondent and opportunities for respondent and the children to rebuild their relationship. Accordingly, while respondent has failings as a parent and continues to require petitioner’s support for her success, the record does not demonstrate such a failure to engage in or benefit from the services provided as to adequately support Family Court’s modification of the permanency goal to placement for adoption and termination of respondent’s parental rights (compare Matter of Lindsey BB. [Ruth BB.], 72 AD3d 1162, 1164 [2010]; see Matter of Hayley PP. [Christal PP.—Cindy QQ.], 77 AD3d 1133, 1134-1135 [2010], lv denied 15 NY3d 716 [2010]).
Having changed the goal, Family Court also modified the visitation plan. At the time of the hearing, visitation at respondent’s home had just begun. Both the caseworker and respondent agreed to delay unsupervised visitation, so that the children could continue with supervised visitation in respondent’s home. The caseworker testified that respondent had planned appropriate activities for the children and provided adequate supervision. Respondent had also engaged in the children’s lives by attending their activities, including religious services and holidays hosted by their foster parents, participating in family therapy sessions and, generally, working on rebuilding her relationship with them. In light of these facts, and the complete absence of testimony as to any inappropriate behavior by respondent during the visitation, Family Court’s restriction of the supervised visitation plan and refusal to grant any unsupervised visitation is not supported by a sound and substantial basis in the record (see Matter of Blaize F. [Christopher F.], 74 AD3d 1454, 1455 [2010]; compare Matter of Brandon DD. [Jessica EE.], 75 AD3d 815, 816-817 [2010]; Matter of Isaac Q., 53 AD3d 731, 731-732 [2008]; see also Matter of Johnson v Johnson, 13 AD3d 678, 678-679 [2004]).
Peters, EJ., Lahtinen, Spain and Malone Jr., JJ., concur. Ordered that the orders are modified, on the law and the facts, without costs, by (1) reversing so much thereof as (a) modified the permanency goal from return to parent to placement for adoption and (b) restricted respondent’s visitation, and (2) vacating the orders of protection, and, as so modified, affirmed.

. The parental rights of the children’s fathers have previously been terminated.

. On appeal, the attorney for the children argues in support of Family Court’s modification.