# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

567

CAF 13-01253

PRESENT: SMITH, J.P., PERADOTTO, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF HOLLY B. AND SPENCER B.
-----------------------------------------------
NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                           MEMORANDUM AND ORDER

AMANDA A., RESPONDENT,
AND SCOTT B., RESPONDENT-APPELLANT.

---

DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (MARY-JEAN BOWMAN OF COUNSEL), FOR RESPONDENT-APPELLANT.

ABRAHAM J. PLATT, LOCKPORT, FOR PETITIONER-RESPONDENT.

TIMOTHY D. HASELEY, ATTORNEY FOR THE CHILDREN, LOCKPORT.

---

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered June 25, 2013 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent Scott B. neglected the subject children.

It is hereby ORDERED that said appeal is unanimously dismissed insofar as it concerns custody and the order is otherwise affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order finding that he neglected the subject children. Initially, we dismiss the appeal insofar as it concerns the placement of the children in the custody of their maternal grandmother, upon the father's consent thereto. "No appeal lies from [that part of] an order entered upon the parties' consent" (*Matter of Cherilyn P.*, 192 AD2d 1084, 1084, *lv denied* 82 NY2d 652).

Contrary to the father's contention, Family Court's determination that he neglected his children is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). "Where, as here, issues of credibility are presented, the hearing court's findings must be accorded great deference" (*Matter of Todd D.*, 9 AD3d 462, 463). Petitioner presented evidence establishing, inter alia, that the family's apartment was unsafe and unsanitary, due to the neglect of the parents, and thus the court properly determined that the children's health was in imminent danger of impairment due to the father's actions and inaction (*see Matter of Raven B. [Melissa K.N.]*, 115 AD3d 1276, 1280; *Matter of Alexis AA. [John AA.]*, 91 AD3d 1073,

1074, *lv denied* 18 NY3d 809; *Matter of Alyssa L.D.*, 56 AD3d 1184, 1185, *lv denied* 12 NY3d 703).

Entered:  May 9, 2014                        Frances E. Cafarell
                                              Clerk of the Court