In the Matter of CAROLYN A. ROMASZ, Appellant, v DEBORAH COOMBS et al., Respondents. (Proceeding No. 1.) In the Matter of ALAN COOMBS et al., Respondents, v CAROLYN ROMASZ, Appellant. (Proceeding No. 2.) (And Two Other Related Proceedings.) In the Matter of JENNIFER COOMBS, Respondent, v CAROLYN ROMASZ, Appellant. (Proceeding No. 5.) [55 NYS3d 770]——

Aarons, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered January 29, 2016, which, among other things, granted petitioners' application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Carolyn Romasz (hereinafter the mother) is the mother of a daughter (born in 2008). After the child's father passed away, Family Court, in a March 2013 order, granted the child's paternal grandparents, Deborah Coombs and Alan Coombs (hereinafter the grandparents), visitation with the child on every Sunday from 10:00 a.m. to 7:00 p.m. In July 2015, the mother commenced the first of these proceedings pro se seeking to modify the March 2013 order by reducing the grandparents' visitation with the child to one Sunday every other month. The grandparents subsequently filed, among other things, a pro se modification petition to increase the amount of visitation with the child. In August 2015, the child's paternal aunt, Jennifer Coombs (hereinafter the aunt), filed a petition seeking visitation with the child.

Trial commenced in November 2015 with Family Court first hearing testimony on the mother's petition. After testifying in the narrative and being cross-examined by the other parties, the mother rested and the matter was adjourned to December 2015 so that the grandparents could submit proof in response to the mother's petition. Family Court also entered a November 2015 temporary modified order of visitation granting, among other things, the grandparents visitation on the first, fourth and fifth (if applicable) Sunday of every month and the third weekend of every month.

When the parties returned in December 2015, Family Court noted that discussions took place as to a possible resolution of the petitions. Family Court further noted that it made some suggestions and it was ready to "impose those suggestions as

its own resolution." As such, Family Court, on its own motion and based on "its thorough familiarity with the circumstances of [the child] . . . from earlier petitions in court," fashioned a schedule giving the grandparents more visitation time as compared to the March 2013 order and awarding the aunt visitation with the child. Family Court's determination was made over the objection of all parties, except for the attorney for the child, and was embodied in a January 2016 order. The mother now appeals.

As an initial matter, we reject the aunt's assertion that the mother's appeal is untimely. The aunt claims that the January 2016 order was served upon the mother's counsel "by correspondence, dated February 8, 2016," and that the filing of the notice of appeal on March 16, 2016, "some thirty-seven [37] days after service," renders the appeal untimely. The record, however, neither contains the February 8, 2016 correspondence nor any other proof of service regarding the January 2016 order. In the absence of such proof, the aunt failed to meet her burden of showing that the mother's appeal was untimely (*cf. Sandcham Realty Corp. v Taub*, 299 AD2d 220, 221 [2002]; *compare Matter of Alexis BB.*, 285 AD2d 751, 752 [2001]).

Turning first to the merits of the aunt's petition seeking visitation (proceeding No. 5), we find that Family Court erred in awarding visitation to the aunt inasmuch as the aunt does not have standing to seek such relief (*see Matter of Melody J.M.M. [Craig M.]*, 147 AD3d 953, 953 [2017]; *Matter of Victoria XX. [Thomas XX.]*, 110 AD3d 1168, 1172 n 3 [2013]; *Matter of Palmatier v Dane*, 97 AD3d 864, 865 [2012]; *Matter of Hayley PP. [Christal PP.—Cindy QQ.]*, 77 AD3d 1133, 1135 [2010], *lvs denied* 15 NY3d 716 [2010]). While the aunt and the attorney for the child contend that extraordinary circumstances exists to confer standing upon the aunt, such rule does not apply to this case (*see Matter of Ronald FF. v Cindy GG.*, 70 NY2d 141, 144 [1987]), especially where Family Court found that the mother was a "loving and responsible parent." We further note that although the mother originally consented to the aunt having minimal visitation with the child, she later changed her position and orally moved to dismiss the aunt's petition for visitation immediately prior to the commencement of trial.* Accordingly, Family Court erred in granting the aunt visitation with the child over the mother's objections and the aunt's petition should have been dismissed (*see Matter of Hayley PP. [Christal PP.—Cindy QQ.]*, 77 AD3d at 1135; *Gulbin v Moss-*

---

* Family Court did not rule on the mother's oral motion and merely stated that it would entertain proof on the aunt's petition last.

*Gulbin*, 45 AD3d 1230, 1231 [2007], *lv denied* 10 NY3d 705 [2008]; *Matter of David M. v Lisa M.*, 207 AD2d 623, 624 [1994]).

Regarding the competing modification petitions filed by the mother and the grandparents (proceeding Nos. 1 and 2), a party seeking to modify a prior order of visitation must first establish that a change in circumstances exists reflecting the need to modify such order and, upon this threshold showing, the court then engages in a best interests of the child analysis (*see Matter of Pollock v Wakefield*, 145 AD3d 1274, 1274 [2016]; *Matter of Tina RR. v Dennis RR.*, 143 AD3d 1195, 1197 [2016]; *Matter of Demers v McLear*, 130 AD3d 1259, 1260 [2015]). The parties do not address whether this threshold finding was satisfied. Nevertheless, our independent review of the record confirms that, in light of the deterioration of the relationship between the mother and the grandparents, a change in circumstances exists to warrant a best interests inquiry (*see Matter of Johnson v Zides*, 57 AD3d 1318, 1319 [2008]; *Matter of Stellone v Kelly*, 45 AD3d 1202, 1204 [2007]; *compare Matter of Chase v Benjamin*, 44 AD3d 1130, 1131 [2007]).

As to the best interests of the child, we conclude that Family Court's determination to award the grandparents increased visitation lacks a sound and substantial basis in the record. The increased visitation did not stem from the consideration of any documentary evidence or testimony but, instead, from Family Court's own familiarity with the parties based upon prior petitions. Such information, however, is not part of the record (*see Matter of Newton v Simons*, 52 AD3d 895, 896 [2008]). Indeed, the court noted that it made suggestions regarding a possible resolution of the matter during an informal discussion with the parties' attorneys and that it was "prepared to impose those suggestions as its own resolution." Meanwhile, the scant record consists mainly of the testimony by the mother in support of her own petition. After the mother rested, the grandparents never testified nor were they given an opportunity to offer any proof in support of their own petition for increased visitation. Under these circumstances, and because the record was not adequately developed in order for us to make an independent determination, the matter must be remitted for a hearing to determine the best interests of the child (*see Matter of Marshall v Bradley*, 59 AD3d 870, 871 [2009]). The terms of the March 2013 order shall remain in effect pending the completion of the proceedings subject to any temporary orders that Family Court may deem proper during the course of the proceedings.

Garry, J.P., Lynch, Rose and Clark, JJ., concur. Ordered that the order is reversed, on the law, without costs, proceeding No. 5 dismissed and matter remitted to the Family Court of Saratoga County for further proceedings in proceeding Nos. 1 and 2, and, pending said proceedings, the terms of the March 2013 order shall remain in effect on a temporary basis.