Aarons, J.
 

 Appeal from an order of the Family Court of Schenectady County (Polk, J.), entered April 18, 2016, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
 

 Respondent is the mother of three children, two sons (born in 2002 and 2005) and a daughter (born in 2009), and the youngest son (hereinafter the child) is the subject of this appeal. Petitioner commenced a neglect proceeding under Family Ct Act article 10 and, following a fact-finding hearing in which respondent admitted to leaving the children unsupervised, Family Court found the children to be neglected. During the dispositional hearing, the attorney for the children made a formal letter request for a Lincoln hearing or an in camera hearing so that the court could determine the child’s wishes. The attorney for the children renewed this request at the close of the dispositional hearing and Family Court denied it. In the April 2016 order, Family Court, among other things, placed custody of the child in petitioner’s care. The attorney for the children appeals. We affirm.
 

 “The primary concern in . . .a [dispositional] hearing is the best interests of the child, an inquiry that involves consideration of the parent’s ability to supervise the child and any potential threat of future abuse or neglect” (Matter of Victoria XX. [Thomas XX.], 110 AD3d 1168, 1171 [2013] [internal quotation marks and citations omitted]; see Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1296 [2017]; Matter of Alaina E., 33 AD3d 1084, 1087 [2006]; Matter of Kathleen OO., 232 AD2d 784, 786 [1996]). The psychologist, who met with respondent and the children, prepared a report and testified at the dispositional hearing. The psychologist testified that the child was “highly distractable” and had “difficulties focusing” and noted in his report that he diagnosed the child with behavioral issues. Respondent told the psychologist that the child had impulsive episodes in school and at home and provided him with “a history . . . concerning her own inadequacies and difficulties in managing th[e] child.” Critically, the psychologist testified that the home situation was “chaotic” and that respondent was not able to meet the child’s needs. In this regard, the psychologist stated that respondent recognized that there were available treatment options that could do more than what she could provide for the child. While recognizing the potential negative impact of removing the child from the home, the psychologist nonetheless concluded that placing the child outside of the home would be beneficial to the child and to the entire family.
 

 In placing the child in petitioner’s custody, Family Court fully credited the psychologist’s opinion and testimony. Family Court found that respondent was overwhelmed and that the child had special needs that could not be met in respondent’s home. Deferring to Family Court’s factual findings and taking into account that both petitioner and respondent supported placing the child in petitioner’s custody, we conclude that Family Court’s determination was supported by a sound and substantial basis in the record (see Matter of Alexis AA. [John AA.], 91 AD3d 1073, 1074 [2012], lv denied 18 NY3d 809 [2012]; Matter of Heather WW., 300 AD2d 940, 941-942 [2002]; Matter of William G., 233 AD2d 702, 703-704 [1996]).
 

 We reject the attorney for the children’s assertion that Family Court erred in failing to conduct a Lincoln hearing or an in camera hearing to ascertain the child’s wishes. In denying the attorney for the children’s request, Family Court noted that, given that the child has “significant needs and significant issues,” a meeting with the child would not be helpful on the issue of the child’s placement. Moreover, the child’s wishes were expressed in the closing argument of the attorney for the children. Accordingly, we find that Family Court did not err in denying the attorney for the children’s request to conduct some form of interview with the child (see Matter of Shawna U., 277 AD2d 731, 734 [2000]). The attorney for the children’s remaining contentions, including his challenges to the psychologist’s testimony and report, have been considered and lack merit.
 

 Egan Jr., J.P., Lynch, Rose and Pritzker, JJ., concur.
 

 Ordered that the order is affirmed, without costs.