Matter of Jordan SS. (Kevin SS.) (2020 NY Slip Op 01210)





Matter of Jordan SS. (Kevin SS.)


2020 NY Slip Op 01210


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

526293

[*1]In the Matter of Jordan SS., a Neglected Child. St. Lawrence County Department of Social Services, Petitioner; Kevin SS., Appellant, et al., Respondent.

Calendar Date: January 14, 2020

Before: Clark, J.P., Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Rosemary R. Philips, Canton, for Carin SS., respondent.
Reginald Bedell, Willsboro, attorney for the child.



Clark, J.P.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered February 6, 2018, which, in a proceeding pursuant to Family Ct Act article 10, among other things, denied respondent Kevin SS.'s motion to modify a prior order.
In October 2016, petitioner commenced the instant Family Ct Act article 10 proceeding alleging that respondent Kevin SS. (hereinafter the father) neglected his child (born in 2006) by, among other things, failing to exercise a minimum degree of care in supplying the child with proper supervision or guardianship.[FN1] The father subsequently consented to an order of fact-finding and disposition, which included a finding of neglect based upon certain admissions and placed the father under petitioner's supervision for a period of one year, terminating on March 15, 2018.[FN2] Among other conditions, the father was directed to comply with an order of protection — attached to and made a part of the order of fact-finding and disposition — that prohibited him from, among other things, having contact with the child, except as authorized, arranged and supervised by petitioner in a therapeutic setting.
In September 2017, the father moved, by order to show cause, to modify the order of fact-finding and disposition to permit him unsupervised parenting time with the child (see Family Ct Act § 1061). Roughly two months later, based on his assertion that petitioner was not facilitating any parenting time with the child, the father brought a second order to show cause seeking to compel petitioner to provide him with parenting time. Following a hearing in December 2017, Family Court, among other things, denied the father's request for unsupervised parenting time, but directed petitioner to provide the father with therapeutic visits with the child twice a week. The father appeals, solely arguing that Family Court should have modified the order of fact-finding and disposition to provide him unsupervised parenting time.[FN3]
The parenting time provision of the order of fact-finding and disposition that the father sought to modify expired in March 2018, and the order of fact-finding and disposition has, in relevant part, been superseded by subsequent orders. Accordingly, the father's appeal from the order denying his motion to modify the order of fact-finding and disposition has been rendered moot and must be dismissed (see Matter of Cheyenne BB. [Kimberly CC.], 129 AD3d 1164, 1164 [2015]; Matter of Brandon DD. [Jessica EE.], 74 AD3d 1435, 1437 n 2 [2010]; Matter of Blaize F., 55 AD3d 974, 975 [2008]).
Devine, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.



Footnotes

Footnote 1: The petition also alleged that respondent Carin SS. — the child's mother — had neglected the child.

Footnote 2: The mother similarly consented to the order of fact-finding and disposition.

Footnote 3: Petitioner did not file a brief on appeal.